[Civ. No. 10734. Second Appellate District, Division One.—March 26, 1936.]

ITALJA B. LEAF, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

John L. Mace for Petitioner.

Everett W. Mattoon, County Counsel, and Douglas De Coster, Chief Deputy County Counsel, for Respondents.

HOUSER, P. J.—The facts which form the basic reason for the issuance by this court of its alternative writ of mandate herein are substantially as follows:

As security for the payment of his promissory note, one Gregovich executed a deed of trust wherein was described certain real property. Thereafter he duly conveyed his remaining rights in said real property to the petitioner herein. Default having occurred in the matter of payment of the promissory note, the holder of the deed of trust gave the required notice of the said breach, together with notice of election to sell the said real property. Thereupon, acting under the provisions of the statute known as the "Mortgage and Trust Deed Moratorium of 1935" (Stats. 1935, p. 1208), the owner of the real property filed in the superior court her petition for relief. Contemporaneously therewith, also in attempted compliance with the requirements of the statute, she caused to be recorded a notice of *"lis pendens"*, a copy of which was mailed to the trustee and the beneficial owner that were named in the petition. Four days thereafter, at the instance of said trustee and said beneficial owner, and on their application therefor, the superior court set the said petition for hearing. On the date on which said petition came on for hearing in said court, on the ground that the notice of *"lis pendens"* contained no statement of the book and the page thereof in which the deed of trust was recorded in the office of the county recorder, an order of dismissal of the petition was made and entered by the said court. Thereupon the trustee under said deed of trust posted and published a notice of the trustee's intended sale of the property described therein; whereupon, at the instance and request of the petitioner herein, this court caused its alternative writ of mandate to issue, directed to the said superior court, by which the latter was ordered either to proceed to a hearing of said "moratorium" petition, or to show cause why it should not do so. In response to said order the said superior court as the respondent herein, has directed the attention of this court to sections 3 and 4 of the statute (Stats. 1935, p. 1208), and particularly to the provisions therein contained with ref-

erence to the purported necessity on the part of the petitioner for relief to record a notice of *"lis pendens"*, which, among other statements, must contain "the book and page of the records of the county recorder in which the . . . trust deed is recorded". And in that connection it is admitted by petitioner herein that the notice of *"lis pendens"* was defective, in that it contained no such direct statement, although the property affected by the deed of trust was correctly described in said notice of *"lis pendens"*. Otherwise, said notice was in compliance with the requirements of the statutory provisions.

On the part of respondent, in substance it is contended that, because the relief sought by the petitioner in the superior court was statutory in origin, it was essential to the jurisdiction of the court that all the provisions of the statute be strictly followed;—hence that because the petitioner filed in the office of the county recorder a defective notice of *"lis pendens"*, the superior court had no jurisdiction to hear the petition and to determine it on its merits. On the other hand, in substance the petitioner asserts that the filing of the petition, and thereupon and thereafter, the voluntary appearance in the proceeding in the superior court by the trustee and the beneficial owner of the security represented by the trust deed, constituted a waiver by them and each of them of any defect that might or did exist in the notice of *"lis pendens"*, and consequently that jurisdiction was complete in the superior court.

By the provisions of section 2 of the "moratorium" act, the trustor in the deed of trust was authorized to file in the superior court her petition "praying for an order postponing the sale" of the property described in said deed of trust. By the language contained in section 3 of the act the petitioner also was required to do certain things, to wit:

(1) In the manner provided by law for the service of a summons in a civil action, to serve the trustee and the beneficiary of the deed of trust with a copy of the petition;

(2) Immediately cause to be recorded "in each county in which any of such property is situated" a "notice of pendency of such petition";

(3) On the day of such recordation to mail, etc., "a copy thereof [the notice] . . . to such trustee and beneficiary, . . . "

In a separate paragraph of section 3 of the act it is provided that:

"Such notice of pendency shall state the name of the petitioner, the nature of the petition, and the book and page of the records of the county recorder in which the mortgage or deed of trust is recorded."

By a separate paragraph of section 4 of the act, it is provided that:

"After the filing of such petition and the recording and mailing of the notice of the pendency thereof, as provided in sections 2 and 3 of this act, no sale under the power of sale conferred by such deed of trust or such mortgage shall be held until the court makes its order in the matter, but nothing herein contained shall prevent such sale at any time after February 1, 1937."

As hereinbefore has been indicated, the only question that is here at issue is as to whether, at the time the proceeding was brought on for hearing, the superior court had jurisdiction of the parties; that is to say, no question regarding the jurisdiction of the said court as far as the subject-matter of the proceeding was concerned is raised by either of the parties.

From a consideration of the statutory requirements, in order that jurisdiction of the person may be acquired, it becomes evident that the most that is necessary is (1) the proper service of a copy of the petition upon the trustee and the beneficiary; (2) a substituted service upon them by mail, etc., of a copy of the "notice of pendency", which in its contents should comply with the statutory requirements hereinbefore indicated.

Since the enactment of the codes in 1872, it has been statutory law that "the voluntary appearance of a defendant is equivalent to personal service of the summons and a copy of the complaint upon him". (Sec. 416, Code Civ. Proc.)

With reference to statutory provisions in a different kind of proceeding, section 749 of the Code of Civil Procedure presents a situation that in the respect here in question, to wit, the necessity of filing a notice of *"lis pendens"*, very closely resembles that which is included within the so-called moratorium act. By the provisions of that statute, the procedure for the maintenance of an action "to determine the adverse

claims to and clouds upon title to real property" is outlined. The last paragraph of that statute is as follows:

"*Lis Pendens.* Within ten days after the filing of the complaint, plaintiff shall file, or cause to be filed, in the office of the county recorder of the county where the property is situated, a notice of the pendency of the action, containing the matters required by section four hundred and nine of this code."

It will thus be noticed that as far as the requirement regarding the necessity of filing a notice of *"lis pendens"* is concerned, in substance the two statutes are identical, one with the other. In that regard, the case of *Blackburn* v. *Bucksport etc. R. R. Co.*, 7 Cal. App. 649 [95 Pac. 668], would seem to be decisive, not only of the question of whether the filing of a notice of *lis pendens* was jurisdictional, but as well, in the absence of such a filing, of the effect of a general appearance in court by a defendant in the action. With reference to those issues the syllabus of the opinion of the court is as follows:

"The omission to file a notice of *lis pendens* provided for in an action to quiet title cannot affect the court's jurisdiction over the subject-matter of the action; and one who has voluntarily appeared in the action cannot in any event complain that a notice of *lis pendens* was not filed."

In the instant matter, even though it might be conceded (but as a matter of law, not so decided) by this court that the filing of the *lis pendens* was essential to the establishment of jurisdiction in the lower court, nevertheless, in principle, the authorities are numerous to the effect that in such matters a statutory requirement in the nature of process by which a defendant may be brought into court is waived by his general appearance in the action or proceeding.

It follows that the alternative writ hereinbefore issued should be made permanent, and that the lower court be directed to proceed in and about a hearing and determination of the petition presented therein. It is so ordered.

York, J., and Doran, J, concurred.