[Civ. No. 3852.   Fourth Dist.   Jan. 21, 1949.]

THOMAS MUNDEN et al., Appellants, v. L. W. HAYES et al., Defendants; C. A. HASKINS, Respondent.

Arthur C. Fisher for Appellants.

John F. Bender, Gizella M. Loshoncy and Robert E. Rosskopf for Respondent.

BARNARD, P. J.—The plaintiffs brought this action to quiet title to a lot in Anaheim which they had purchased from A. W. Young in April, 1944, without any escrow or title report. Young had bought the lot for $75 from the city of Anaheim on August 31, 1943. The city acquired title through a tax deed issued by its tax collector on July 2, 1934, and also through a tax deed issued by the county tax collector on August 2, 1940.

The defendant Haskins was the owner of a street improvement bond issued as a lien on this lot on January 2, 1927, by the city treasurer under the provisions of the Improvement Act of 1911 [Stats. 1911, p. 730; 2 Deering's Gen. Laws, 1937, Act 8199]. The last instalment on this bond became due on June 2, 1937. No action had been taken to foreclose this bond, either in court or through sale by the city treasurer. Haskins

filed an answer in this action denying the allegations of the complaint. Also, as a separate defense and for affirmative relief, he alleged ownership of this bond and asked that the respective interests of all parties be determined; that the property be partitioned and ordered sold; and that the proceeds be applied to the valid liens or claims of the parties as determined by the court.

The court found the general facts as above stated; that the plaintiffs owned the property subject to the lien of Haskin's bond; that the amount due and unpaid on said bond is $1,891.79; that the lot could not be physically partitioned without great damage and prejudice to the owners; that the plaintiffs have an equitable lien upon the property for $75; that Haskins has an equitable lien for $1,891.79; that said equitable liens are on a parity; that Haskins was entitled to a partition; and that the lot should be sold by a single referee, the parties having stipulated that a single referee might be appointed. Judgment was entered accordingly and a referee was appointed with directions to sell the property. It was ordered that the proceeds, after payment of the costs, should be applied in discharge of these two equitable liens, or if not sufficient for that purpose should be applied to them proportionately; and that the balance, if any, should be paid to the plaintiffs. From this judgment the plaintiffs have appealed.

Appellants' main contentions are that the lien of this improvement bond and any rights of the holder thereof are barred; that the holder of such a bond could not, legally, assert his right to a lien when foreclosure had not been commenced within the time allowed therefor; that in the absence of foreclosure proceedings and where four years had expired since the due date of the last instalment of the bond, liens under the Improvement Act of 1911 expired on January 1, 1947; and that the lien of this bond, being barred by the limitation imposed in the act, is not on a parity with the title acquired by an innocent purchaser from a person who acquired title under a tax deed.

The appellants concede that the decision of the Supreme Court in *Elbert, Ltd.* v. *Nolan*, 32 Cal.2d 610 [197 P.2d 537], "On its face" determines all of these questions adversely to them. It is argued, however, that the Legislature, in 1945, amended a number of statutes for the specific purpose of definitely limiting the liens of any such bonds to a specific time after the last instalment thereof becomes due. They rely on section 2911 of the Civil Code, sections 329 and 330

of the Code of Civil Procedure, and section 6446 of the Streets and Highways Code, as amended in 1945. It is then argued that this amendment to section 6446 of the Streets and Highways Code was entirely overlooked by the Supreme Court in *Elbert, Ltd.* v. *Nolan, supra,* and that it conclusively determines the questions thus raised in favor of the appellants.

Section 2911 of the Civil Code was amended in 1945 to provide, among other things, that the lien of a bond issued to represent a public improvement assessment shall be presumed to have been extinguished four years after the last instalment became due, or on January 1, 1947, whichever date is later, and that this presumption shall be conclusive in favor of a bona fide purchaser for value after such date. In *Rombotis* v. *Fink, ante,* p. 378 [201 P.2d 588], to which we have been referred by the appellants, it was held that this presumption was valid and effective in that case since the plaintiff had purchased the property on August 18, 1947, and since this amendment allowed the bondholder a reasonable time (15½ months) in which to act after the amendment became effective and before January 1, 1947. Aside from any other consideration, it is apparent that this statute could have no effect here, this action having been filed on October 13, 1945, long before the effective date of any bar thus provided.

The 1945 amendment to section 329 of the Code of Civil Procedure has no bearing here for the reason pointed out in *Elbert, Ltd.* v. *Nolan, supra.* Section 330 of that code not only relates to the power of an official to sell property pursuant to such a lien but could have no bearing here, in any event, since the limitation which it purports to establish was not effective until January 1, 1947.

The appellants particularly rely upon the amendment to section 6446 of the Streets and Highways Code. That section formerly provided that the assessment represented by such a bond shall be a lien upon the property affected until the bond shall be fully paid. In 1945, it was amended by adding: "but which lien shall in no event continue beyond four years after the due date of the last instalment upon said bond, or of the last principal coupon attached thereto."

It is unnecessary to discuss here the effect of this amendment in general, in relation to other statutes, or as affecting other rules, including those involving the rights of persons who are not bona fide purchasers for value, and of persons seeking affirmative relief through a quiet title action without

being willing to pay just debts. This amendment does not, on its face, purport to be retroactive. If it should be interpreted as having that effect it would still be necessary, under familiar and well-established rules, that such a bondholder be given a reasonable time after the statute becomes effective within which to enforce his rights. Not only was this not provided for in this amendment but this action was begun within less than 30 days after the amendment became effective. It cannot be held, under the circumstances of this case, that this amendment had the effect here of barring the respondent Haskins from asserting his rights and obtaining the benefit of his lien in this quiet title action, in which he availed himself of the right given to him under section 752 of the Code of Civil Procedure.

■ The appellants contend that partition could not be obtained by the respondent in this action, in which he merely included an affirmative defense in his answer, since he did not meet the requirements of a partition action by filing a *lis pendens* and obtaining a proper summons, as required by sections 755 and 756, Code of Civil Procedure. The appellants were already before the court, and filing another *lis pendens* would have been useless as far as they are concerned. (*Leaf* v. *Superior Court,* 12 Cal.App.2d 712 [56 P.2d 243] ; *Housing Authority* v. *Forbes,* 51 Cal.App.2d 1 [124 P.2d 194].) The appellants were the moving parties in this quiet title action and the respondent was entitled to set up such rights as he had in connection with the property in question. Under well-settled rules, he had the right to ask affirmative relief in such an action without filing a formal cross-complaint. It is further argued in this connection that such a lienholder cannot obtain affirmative relief without foreclosing his lien, either through court proceedings or through a sale by the city treasurer in the customary manner. This contention is without merit. (Code Civ. Proc., § 752; *Elbert, Ltd.* v. *Nolan,* 32 Cal. 2d 610 [197 P.2d 537].)

■ Finally, it is contended that the defense of laches could properly be raised against the respondent. It is stated that this point is now raised merely for the purpose of indicating that the appellants were morally and equitably entitled to a judgment, as well as legally, because any lien of the respondent terminated on June 2, 1941, under the provisions of section 6446 of the Streets and Highways Code, as amended in 1945. If, as we have held, the respondent's

lien was still effective the laches doctrine would have no application in this quiet title action. (*Elbert, Ltd.* v. *Nolan,* 32 Cal.2d 610. [197 P.2d 537].)

The judgment is affirmed..

Griffin, J., and Mussell, J., concurred.

A petition for a rehearing was denied February 15, 1949, and appellants' petition for a hearing by the Supreme Court was denied March 21, 1949.