[Civ. No. 434.   Third Appellate District.—March 5, 1908.]

# MARY BLACKBURN, etc., Respondent, v. BUCKSPORT AND ELK RIVER RAILROAD COMPANY et al., Defendants, and C. W. HILL, Cross-complainant, Appellant.

QUIETING TITLE BY ADVERSE POSSESSOR—DEFAULT OF UNKNOWN OWN-ERS—AGREED PLEADINGS BY CLAIMANT OF TITLE—OBJECTIONS UPON APPEAL.—In an action to quiet the title of one claiming under adverse possession for twenty years against known and unknown owners, under sections 749, 750 and 751 of the Code of Civil Procedure, where, after default of unknown owners, a claimant of the record title was permitted to appear and to answer the complaint, and to file a cross-complaint, which he did without objection to the jurisdiction of the court, he cannot, after judgment rendered against him and in favor of the plaintiff, upon his prescriptive title, object upon appeal that the summons was improperly issued, or was defective, or was not properly served and returned.

ID.—EFFECT OF VOLUNTARY APPEARANCE.—The court had jurisdiction of the person of the claimant of title upon his voluntary appearance, which was equivalent to personal service of the summons and a copy of the complaint upon him, under section 416 of the Code of Civil Procedure.

ID.—NOTICE OF LIS PENDENS NOT JURISDICTIONAL—WAIVER OF OBJEC-TION.—The omission to file a notice of *lis pendens* provided for in an action to quiet title cannot affect the court's jurisdiction over the subject matter of the action; and one who has voluntarily appeared in the action cannot in any event complain that a notice of *lis pendens* was not filed.

ID.—PARTIES—NAMES OF PERSONS APPEARING OF RECORD—FICTITIOUS NAMES—AMENDMENT OF COMPLAINT.—Though plaintiff may join as defendants the names of persons known by him to appear of record, his failure to do so does not go to the cause of action. He may insert fictitious names of persons who may be supposed to have some claim, and may amend the complaint to insert their true names, when discovered.

ID.—OMISSION TO INSERT TRUE NAME—AMENDMENT ORDERED UPON APPEAL.—Where there was an omission to insert the true name in the complaint of defendant, who appeared and answered, and filed a cross-complaint, this court upon appeal may order the complaint to be amended accordingly by the court below as of a date prior to the judgment, in order to support the judgment for plaintiff, and to bind the defendant by such judgment.

ID.—TRUE NAME APPEARING IN CROSS-COMPLAINT.—Where the true name appeared in the cross-complaint seeking affirmative relief against the plaintiff, and plaintiff answers thereto, it seems that such cross-complaint and answer present a direct issue, to be determined upon appeal, even if the complaint were not amended.

ID.—SUPPORT OF FINDINGS.—*Held*, that the findings of a prescriptive title in the plaintiff by the exercise of acts of ownership by himself and his predecessor for the period of thirty years, and that they had paid all taxes assessed thereupon during those years, are supported by the evidence, and must prevail over the record title shown by defendant.

APPEAL from a judgment of the Superior Court of Humboldt County.   G. W. Hunter, Judge.

The facts are stated in the opinion of the court.

H. L. Ford, and J. S. Burnell, for Appellant.

Coonan & Kehoe, and G. D. Murry, for Respondent.

HART, J.—This is a suit to quiet title to certain real property situated in Humboldt county, and was brought against the Bucksport and Elk River Railroad Company and certain fictitiously designated defendants and "all other persons unknown, claiming any right, title, estate, lien or interest in the" said real property adverse to plaintiff's title thereto.   The suit was instituted under the provisions of sections 749, 750 and 751 of the Code of Civil Procedure. Summons was duly served upon the corporation, and as to the other defendants, the summons was published, under an order of the court, in a newspaper printed and published daily in the city of Eureka, in said Humboldt county.   The railroad company appeared and answered the complaint, and there being no appearance by or on behalf of the fictitious defendants, or of any "unknown persons," claiming any interest in the property adversely to plaintiff, a default was entered against them.   Subsequently the appellant appeared and moved the court to set aside the default as to him, so that he might be permitted to answer the complaint.   By consent of counsel the default against the appellant was set aside, and he thereupon answered the complaint and also

filed a cross-complaint, to which answers were interposed by the plaintiff and the railroad company, respectively.

Upon the issues of fact thus made up the cause was tried and the plaintiff obtained judgment, from which, upon a bill of exceptions, this appeal is taken.

The only point presented and discussed in the briefs of counsel and upon which the appellant insists upon a reversal of the judgment involves the question of whether the court acquired jurisdiction of the action and of the person of the appellant.

The claim is that the summons does not contain all the matters required by the code provisions to be set forth therein; that the affidavit upon which the court ordered the publication of the summons is insufficient; that the affidavit of the publication of the summons, being made by one Smith, who designated himself as the "Manager" of the newspaper in which the summons was published, is not made by the person required by the law to make such affidavit; that there is nothing in the record showing that a *lis pendens* was filed in the office of the county recorder, as required by sections 409 and 749 of the Code of Civil Procedure. There is, in fact, no objection which could be urged against the sufficiency of the steps essential, under the statute, to give the court jurisdiction of the person of appellant which has been overlooked by counsel for the appellant.

But we think appellant has no conceivable reason to complain here that the court was without jurisdiction to try the action and determine the issues involved therein as to him, even if we assume that his contention as to the alleged defectiveness of the summons and the service thereof be well founded.

The record, as we have seen, shows that the appellant, after default had been entered against him as one of the "unknown defendants" and the same had been, on his motion, and by consent of counsel for respondent, vacated, answered the complaint and filed a cross-complaint. The trial was proceeded with without objection upon his part that the court was without jurisdiction either of the action or of his person. It is immaterial so far as he is concerned whether the summons was regularly issued or defective in that there was omitted therefrom certain matters required by the statute to be embraced therein, or was not, for any reason, properly

served and returned. And it is equally as immaterial, so far as he may be affected thereby, whether or not a *lis pendens* was recorded. He voluntarily made an appearance in the action, and under the law of this state "the voluntary appearance of a defendant is equivalent to personal service of the summons and copy of the complaint upon him." (Code Civ. Proc., sec. 416; *Hibernia Sav. etc. Soc.* v. *Cochran,* 141 Cal. 654, [75 Pac. 315]; *Hibernia Sav. etc. Soc. v. Lewis,* 117 Cal. 581, [47 Pac. 602, 49 Pac. 714].) In the last named case, the court says: "When defendant William F. Lewis appeared, demurred to the complaint, and filed an answer thereto, the court acquired jurisdiction of his person itself, and, whether there was or was not a valid summons, in the case, was of no moment." The fact that the appellant here appeared and moved to set aside the default, so far as it affected him, against the "unknown defendants," of whom he was one, and the further fact that, the default having been set aside, he not only answered the complaint but also sought affirmative relief through a cross-complaint, indubitably bear witness to the fact that in some way or by some means he received notice of the institution of the suit, and that he has had "his day in court," and most assuredly it is immaterial now how he obtained such notice. If he were the only defendant and had, before summons was issued or served upon him, having received actual notice of the filing of the action, appeared by way of answer or otherwise, he certainly could not complain, after judgment against him, because the summons had not been issued and served upon him, or, if issued, because it did not contain all the matters that the statute requires shall be set out therein to make it a valid summons. His voluntary appearance manifestly obviated the necessity of serving the summons, the sole purpose of which is to notify the defendant of the institution of the action, and, in general terms, of the nature thereof.

And the question of whether or not a *lis pendens* was filed for recordation with the county recorder is, as to the appellant, of no significance. The record does not show that such notice was so filed, although the respondent's brief declares that a *lis pendens* was recorded. But, as we have suggested, even if there was a failure to file a *lis pendens,* the appellant could not be prejudiced thereby, for the only effect of an omission to so record such notice would be to

relieve innocent third parties (purchasers or encumbrancers) from the operation of a judgment affecting the "title or right of possession" of the land in dispute. We know of nothing which would have prevented the appellant himself, after filing his cross-complaint asking for affirmative relief, from filing a *lis pendens,* or notice of the pendency of the action. (Code Civ. Proc., sec. 409.) But, as we have before stated, it is unimportant whether a *lis pendens* was or was not recorded, so far as this appellant is concerned. He voluntarily submitted himself to the jurisdiction of the court in the case, and we do not think, as we have already indicated, that the mere omission to file for record the notice of the pendency of the action affects the question of the court's jurisdiction of the subject matter of the litigation. In other words, we do not think, as counsel's argument upon this point necessarily assures, that the filing of the notice of the pendency of the action with the county recorder is an essential prerequisite to investing the court with jurisdiction of the subject matter of a suit in which the recordation of such a notice is required. A *lis pendens* or the filing for record with the recorder a notice of the pendency of a suit involving the title to or right of possession of real property is the mode substituted by the legislature for the constructive notice to all the world of the pendency of such an action which formerly arose, *ipso facto,* upon the institution of the suit. Thus, "a purchaser or encumbrancer of property, instead of being required to examine all the suits pending in the courts to ascertain whether any of them relate to or affect the real estate he is negotiating about, has now only to examine the notices of *lis pendens* filed in the recorder's office of the county where the real estate is situated." (*Sampson* v. *Ohleyer,* 22 Cal. 211.) The purpose of the legislature was thus to furnish the most certain means of notifying all persons of the pendency of the action, and thereby warning them against attempting to acquire a legal or equitable interest in the property concerning which the suit was brought, and to bind such persons as might acquire any interest in the property in controversy after the recording of the notice by any judgment which might be secured affecting said property. This is all that the legislature intended by the present mode of giving constructive notice of the pendency of such actions, and the legislation does not, as we before

observed, nor was it intended that it should, affect in the slightest degree the question of the court's jurisdiction of the subject matter of the suit or of the persons of the parties thereto.

The appellant makes the further point that the complaint does not state a cause of action because it omits to include as defendants "all persons as appear of record to have . . . some claim or cloud on the lands described in the complaint adverse to plaintiff's ownership." Section 749 of the Code of Civil Procedure provides that the complaint may include as defendants such persons, and the appellant seems to think that it was, therefore, the duty of the plaintiff to have examined the public records and named as defendants all persons having an interest in the land in controversy in derogation of plaintiff's title. We think the claim is destitute of merit. (*Irving* v. *Carpenter,* 70 Cal. 23, [11 Pac. 391].) Under our law, it is true, when the defendant is ignorant of the name of a defendant, he must state that fact in the complaint (the complaint here contains such allegation), and such defendant may be designated in any pleading or proceeding by any name, and when his true name is discovered, the pleading or proceeding must be amended accordingly. (Code Civ. Proc., sec. 474.) But it has been held that in a case where parties are sued by fictitious names, and appear and answer by their true names, and there is an omission to amend the complaint by substituting the true for the fictitious names, the cause will not be reversed, but the judgment on appeal will direct the lower court to amend the complaint as of date prior to the judgment, in order to support the judgment. (*Alameda County* v. *Crocker,* 125 Cal. 101, [57 Pac. 766]; *Baldwin* v. *Bornheimer,* 48 Cal. 434; *McKinlay* v. *Tuttle,* 42 Cal. 572.) We are not prepared to say that in a case like this, where one of the parties sued by a fictitious name appears and not only answers the complaint but also files a cross-complaint in which he seeks affirmative relief, it is absolutely necessary to substitute the true name of the party in the *complaint* in support of the judgment. The object of the requirement of the statute that the complaint must be amended by inserting therein the true name of a party who has been fictitiously designated as one of the defendants, when such true name has been discovered, is to bind such person by the judgment. In

other words, "it is requisite that the record should show
that the court had jurisdiction of the person against whom
the judgment was rendered, and that the judgment was
warranted by the allegations of the pleading of the party in
whose favor it was rendered." (*McKinlay* v. *Tuttle,* 42 Cal.
572.)   The cross-complaint contains the name of the plain-
tiff as an adversary party, and alleges that "the above-named
*plaintiff* and defendants claim to have some right, title, es-
tate," etc., in the real property described in the cross-com-
plaint (and likewise in the complaint) adverse to the title
and ownership of the cross-complainant.   The answer of
plaintiff to the cross-complaint denies that the cross-com-
plainant is the owner of the property in question, and prays
that "she be dismissed therefrom with her costs and such
other and further relief as to this court may seem meet and
equitable in the premises."   Thus, it seems reasonable, even
if the complaint be disregarded, that the cross-complaint and
answer of respondent thereto present a direct issue between
the parties to this appeal as to the ownership of the land af-
fected by the judgment, and that such judgment is "war-
ranted by the allegations of the pleading (answer to cross-
complaint) of the party in whose favor it was rendered."
However, we see no harm in directing, and perhaps it may
be the better practice under the circumstances to so order,
the court below to cause the complaint to be amended in the
respect here referred to.

Among the assignments of error in the record is the claim
that the court's findings upon the material points in the case
are not sufficiently supported by the evidence.   No special
reference is, however, made to this point in the briefs of
counsel.   But there is no substantial ground upon which to
found the claim.   The plaintiff sets up title by adverse pos-
session.   There is evidence showing that she had been in
possession of the land in dispute for over thirty consecutive
years prior to the commencement of the action; that dur-
ing nearly, if not quite, all of said period she had the prop-
erty inclosed by a fence, had paid all the taxes assessed
thereon for all those years, and had otherwise exercised acts
of ownership thereof.   The defendant established a record
title; but the court's finding of title by adverse possession
in the plaintiff is well supported by the proofs, and cannot
be disturbed by this court.

The judgment is affirmed, with directions to the court below to amend the complaint or cause the same to be amended, as of date prior to the judgment entered the nineteenth day of August, 1905, in said court, by the insertion of the name of C. W. Hill as a party defendant.

Burnett, J., and Chipman, P. J., concurred.