119 Cal.App.2d 114 (1953)
EMMA LOOMIS RUTLEDGE, Plaintiff and Appellant,
v.
VERNON EVANS RUTLEDGE, Defendant and Appellant.
Civ. No. 19532. 
California Court of Appeals. Second Dist., Div. Two. 
July 8, 1953.
 Walter H. Young for Plaintiff and Appellant.
 Tudor Gairdner for Defendant and Appellant.
 McCOMB, J.
 In an action for an accounting and partition of certain real and personal property held jointly by plaintiff and defendant, plaintiff appeals from that part of an amended decree (judgment) requiring her to pay her portion of a tax lien deficiency in connection with an income tax return on community property, which return was filed while the parties were husband and wife but the deficiency was not assessed until after they had been divorced.
 Defendant also appeals from the same decree.
 Plaintiff's Appeal
 Facts: Plaintiff and defendant were married in 1914, and divorced in 1949. In 1947, defendant filed two separate income tax returns, one on behalf of himself, in which he listed one half of the community income, and another on behalf of his wife, in which he listed the other half of the community income.
 Thereafter, and subsequent to the divorce of the parties, the government disallowed certain deductions and assessed a deficiency on both of the income tax returns. Defendant paid the deficiency assessed against his return but did not pay that assessed against his former wife's return.
 In the instant action, involving an accounting and partition of joint property between the parties, the trial court directed that defendant be credited with payments which he had made or might make on behalf of the deficiency assessment levied by the government on plaintiff's income tax return.
 Plaintiff claims that the trial court erred in not requiring defendant to pay the entire deficiency assessment including that assessed against her.
 [1a] The trial court's ruling was correct in providing that plaintiff should be charged with the unpaid assessment *117 on her income tax return. It only requires her to pay that which she of necessity would have paid on her separate return had the disallowed deductions not been included in the return. It is true the parties were husband and wife and lived together for approximately one and one-half years after the return was filed. However, the divorce dissolved her vested community interest, making all of her property interests "separate" in nature. Had the proper income tax been paid at the time the return was made the community property would have been reduced by the amount so paid and plaintiff would have received proportionately less as her share of the community property.
 It is thus fair and equitable that she at this time pay her proportion of the assessment and not be allowed to unjustly enrich herself by the device of obtaining a divorce from her husband.
 It is to be noted that the record is devoid of any evidence that defendant made any false or fraudulent returns. On the contrary it discloses that the returns were prepared by his auditor, his return being signed by him, there being a dispute as to who signed plaintiff's name to the return filed on her behalf. This is immaterial in any event for the reason that the husband, having charge of the community interest, if he signed the return on behalf of his wife, did so as her agent.
 Defendant's Appeal
 Preliminarily defendant contends that the trial court was without jurisdiction to file amended findings of fact, conclusions of law and interlocutory decree of partition, for the reason that after the original findings of fact, conclusions of law and interlocutory decree were entered July 2, 1952, he appealed on July 15, 1952, from the interlocutory decree.
 He urges, since the notice of intention to move for a new trial and amend the findings, conclusions and decree was not filed until after the notice of appeal had been filed, the trial court was without jurisdiction to order an amendment to the findings of fact, conclusions of law and enter the decree from which the present appeal is taken.
 This contention is devoid of merit. [2] Since the adoption of section 662 of the Code of Civil Procedure in 1929, [fn. *] *118 the trial court has been authorized upon the denying of a motion for a new trial to amend its findings of fact, conclusions of law and enter a new and different judgment. (California Machinery etc. Co. v. University City Syndicate, Inc., 3 Cal.App.2d 425, 426 [1], 428 [3] [39 P.2d 853]; Spier v. Lang, 4 Cal.2d 711, 714 [53 P.2d 138].)
 The taking of an appeal from the original judgment does not deprive the trial court of the power thus conferred. Since the original judgment is nonappealable, the amended judgment is the one from which an appeal may be taken. (See Rutledge v. Rutledge, No. 19531, ante, p. 112 [259 P.2d 78], this day filed.)
 Takahashi v. Fish & Game Com., 30 Cal.2d 719 [185 P.2d 805], Linstead v. Superior Court, 17 Cal.App.2d 9 [61 P.2d 355], and Kinard v. Jordan, 175 Cal. 13 [164 P. 894], relied on by defendant, are not here applicable because the attempt to amend the judgments in such cases was not made pursuant to the provisions of section 662 of the Code of Civil Procedure.
 Questions: First: Did the trial court err in awarding plaintiff a money judgment against defendant in the sum of $69,487?
 Yes. Plaintiff filed an amended complaint seeking an accounting and partition. The complaint alleged that plaintiff and defendant had been husband and wife but were divorced in 1949; that at the date of the divorce there were certain real and personal properties belonging to the parties which were community property. The principal personal property so far as necessary to the determination of this cause being an automobile business, together with the land and buildings located at 5101-11 Whittier Boulevard, Los Angeles.
 After trial the court, among other things, decreed that defendant should pay to plaintiff $69,487, representing one half of the net worth of the automobile business. The court found, supported by substantial evidence, that the parties were cotenants of this business. This being true the court was without power to make such an order.
 [3] When several persons are coowners of real or personal property any one or more of the coowners may file an action *119 for partition. It then becomes the duty of the court to partition the same and if this cannot be done without great prejudice to such owners, it is the duty of the court to cause the property to be sold and to partition the proceeds among them according to their respective interests. (Code Civ. Proc., 752, 752a. [fn. ])
 [4] In the present case this rule was not followed. It is obvious that prejudice resulted to one or both parties for the reason that since the business could not be partitioned between the parties, without detriment to one of them, plaintiff was entitled to have it sold and it is possible that upon a sale thereof her share of the proceeds of the sale would have amounted to more than the $69,487. On the other hand, upon the sale of the property it might have sold for less, in which event defendant could have purchased plaintiff's interest for less than the amount the court directed that he should pay for plaintiff's half interest.
 As to this portion of the decree it must be reversed with directions to the trial court to cause the property to be sold in accordance with the applicable code provisions and to take a full and complete accounting.
 In the accounting between the parties the court will determine the proper amounts to charge defendant and to credit plaintiff on account of the net income earned by the business from the date of the divorce of the parties to the date of the filing of the present action, in the absence of any supplemental and/or amended pleadings. For example, if the evidence discloses that defendant has paid the deficiency tax assessed against him from the income of the business, he shall *120 be charged with this amount in determining the net income of the business.
 [5] Second: Would it have been error for the trial court to order a partition since (a) plaintiff had not recorded a lis pendens immediately after filing the complaint pursuant to the provisions of section 755 of the Code of Civil Procedure, and (b) the summons did not, in accordance with the provisions of section 756 of the Code of Civil Procedure, contain a description of the property and was directed only to the defendant?
 No. These provisions are merely directory and in the absence of a showing of prejudice will not vitiate a decree. (Cf. Lee v. Silva, 197 Cal. 364, 373 [240 P. 1015]; Broome v. Broome, 179 Cal. 638, 645 et seq. [178 P. 525]; Balkins v. County of Los Angeles, 81 Cal.App.2d 42, 47 [183 P.2d 137].)
 Third: Did the trial court err in making a finding in support of its accounting that there was due plaintiff for rentals collected by defendant the sum of $8,249.27?
 Yes. [6] One tenant may not maintain an action against his cotenant who is in sole possession of real property to recover rent for the cotenant's occupancy of the property, but a tenant may maintain an action requiring his cotenant to account for rents collected for the use of the property by third persons. (McWhorter v. McWhorter, 99 Cal.App. 293, 296 [4] and [5] [278 P. 454].)
 [7] In the instant case the automobile business of the parties occupied the ground floor of a building located on the real property owned by them. The second floor contained apartments which were rented to third parties. Defendant had maintained a separate rental account from that of the automobile business in which he deposited $750 per month for the rental of the ground floor by the automobile business and the balance of approximately $1,000 per month was rent collected from tenants on the second floor, the net rentals over the period in question being $16,498.53. The trial court found that plaintiff was not entitled to rentals from the property used by defendant in his business, but in crediting plaintiff with the amount of rentals due her actually charged defendant with one half of the amount of the rental he had paid into the account for the use of the ground floor. This was erroneous.
 Since it was stipulated by the parties that after deducting from the rentals money expended for community obligations, *121 there was a balance of $2,265.69, it is obvious that it was prejudicial error for the trial court to charge defendant with $8,249.27 as plaintiff's share of rentals from the property held in common.
 In the accounting which must ensue, the money placed in the special account as rental of the premises occupied by the business and the rentals from the apartments should be taken into consideration.
 [1b] Fourth: Did the court err in directing that defendant pay plaintiff all interest, penalties and costs arising by reason of the federal and state income tax deficiency assessments for the year 1947?
 Yes. For the reasons hereinabove set forth under plaintiff's appeal, it is clear that defendant was not liable for these sums.
 [8] Fifth: Did the trial court err in not crediting defendant with $3,000 which he had paid to the federal government on account of plaintiff's income tax deficiency and which was paid to the federal government by defendant pursuant to a notice of levy served by the collector of internal revenue upon him?
 Yes. Defendant made five monthly payments of $600 each to the internal revenue department, which sums he would have otherwise paid to plaintiff. Since it was in part payment of her obligation to the government it is evident that defendant should have been given credit therefor.
 Defendant questions the sufficiency of the evidence to sustain certain findings of the trial court. It is unnecessary for us to pass upon this question for the reason that it would not affect the conclusions which we have reached.
 The cause is remanded to the trial court with instructions to proceed in accordance with the views hereinabove expressed.
 Moore, P. J., and Fox, J., concurred.
 "In ruling on such motion, in a cause tried without a jury, the court may, on such terms as may be just, change or add to the findings, modify the judgment, in whole or in part, vacate the judgment, in whole or in part, and grant a new trial on all or part of the issues, or, in lieu of granting a new trial, may vacate and set aside the findings and judgment and reopen the case for further proceedings and the introduction of additional evidence with the same effect as if the case had been reopened after the submission thereof and before findings had been filed or judgment rendered. Any judgment thereafter entered shall be subject to the provisions of sections 657 and 659 of this code."
 "752. When several cotenants own real property as joint tenants, or tenants in common, in which one or more of them have an estate of inheritance, or for life or lives, or for years, or when real property is subject to a life estate with remainder over, an action may be brought by one or more of such persons, or, where property is subject to a life estate with remainder over, by the life tenant, or where real property is subject to a lien on a parity with that on which the owner's title is based, by the owner or by the holder of such lien, for a partition thereof according to the respective rights of the persons interested therein, and for a sale of such property, or a part thereof, if it appears that a partition can not be made without great prejudice to the parties."
 "752a. Where several persons are co-owners of any personal property, an action may be brought by any one or more such co-owners for a partition thereof; or in case partition cannot be had without great prejudice to the owners, for the sale thereof, and partition of the proceeds according to the respective interests of the parties. In all such actions the provisions of this chapter shall govern whenever applicable. Real and personal property may be partitioned in the same action."
NOTES
[fn. *] *. Section 662, Code of Civil Procedure, reads:
[fn. ] . Code of Civil Procedure, sections 752 and 752a read: