[Civ. No. 22895. Second Dist., Div. One. Dec. 16, 1958.]

PATTEN-BLINN LUMBER COMPANY, Appellant, v. JOHN S. FRANCIS et al., Defendants; SELF-REALIZATION FELLOWSHIP CHURCH, INC. (a Corporation), Respondent.

Thompson, Royston, Wiener & Moss for Appellant.

Stuart B. Walzer for Respondent.

WHITE, P. J.—This is an action for foreclosure of a mechanic's lien. It was instituted in the Superior Court of Los Angeles County by plaintiff against John S. Francis, a general contractor and Self-Realization Fellowship Church, Inc. Subsequent to the commencement of the action, defendant John S. Francis received a discharge in bankruptcy, and as to him, the action was dismissed.

The material and relevant facts are that in June, 1955, defendant Self-Realization Fellowship Church, Inc., entered into a contract with defendant John S. Francis, a licensed contractor, under the terms of which the latter would erect a classroom and printshop building on property belonging to defendant church. Defendant contractor agreed to furnish all necessary labor and materials to be used in the construction of said building. The church paid the contractor the full cost of materials and labor in advance of the construction of the aforesaid building. Instead of using this money on the church job, defendant contractor applied the money received by him to liquidate other obligations.

On December 30, 1955, a claim of lien against defendant church was recorded by plaintiff lumber company pursuant to the provisions of section 1193.1 of the Code of Civil Procedure. The claim covered certain building materials used in the construction of the foregoing building, and for which materials there remained an unpaid balance of $4,050.82. The instant action to foreclose on the mechanic's lien was filed on March 27, 1956, within 90 days after filing of the claim of lien as required by section 1198.1 of the Code of Civil Procedure. However, no notice of pendency of the present action was filed until May 9, 1956. This was more than 90 days after recordation of the claim of lien as provided for in section 1198.1, subdivision (a) of the Code of Civil Procedure.

In the court below, plaintiff lumber company and defendant church agreed that no issues of fact were involved in the case at bar, and that the sole issue was one of law. Thereupon, they entered into a written stipulation which in part, provided that all of the allegations in the complaint were true and that the matter might stand submitted on the pleadings and papers on file therein. The stipulation further provided that the sole issue between the parties was the contention of defendant church that the recording of a notice of pendency of action more than 90 days after the recordation of the claim of lien herein barred the further prosecution of this action. By an oral stipulation in open court on April 22, 1957, plaintiff acknowledged that Self-Realization Fellowship Church, Inc., had paid the full price of materials and labor for the construction of the buildings in question and that said moneys had been paid to John S. Francis, the general contractor.

The trial court held that the action to foreclose the claim of lien was barred by section 1198.1, subdivision (a) of the Code of Civil Procedure in that a notice of pendency of

action was not filed within 90 days after recordation of the claim of lien. Judgment was accordingly entered for defendant church, from which plaintiff lumber company prosecutes this appeal.

It is conceded that the sole issue presented on this appeal involves the proper construction to be given to section 1198.1, subdivision (a) of the Code of Civil Procedure, as amended in 1953. As so amended, that section now reads:

"(a) No lien provided for in this chapter binds any property for a longer period than 90 days after the same has been filed except as hereinafter provided, unless within that time, proceedings to enforce the same be commenced in a proper court *and a notice of pendency of such proceedings be filed as provided in Section 409.*" (Emphasis added.)

The change which the 1953 amendment made in the aforesaid section and which is important on this appeal, was the addition of the above italicized phrase "and a notice of pendency of such proceedings be filed as provided in Section 409." It is appellant's contention that an action to foreclose a mechanic's lien is not barred *as against a party to that action* by failure to file a notice of the pendency of the action, while respondent earnestly insists that the section in question is jurisdictional.

It is true, as urged by respondent, that "In the construction of a statute or an instrument, the office of the Judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted, or to omit what has been inserted . . ." (Code Civ. Proc., § 1858). However, this is followed by section 1859 of the same code which provides that "In the construction of a statute the intention of the legislature . . . is to be pursued, if possible."

It is noteworthy that in the 1953 amendment to the code section here in question, the Legislature added the language, "and a notice of pendency of such proceeding be filed as provided in section 409." Obviously, reference must be had to section 409 to determine the scope of the requirement imposed upon the lien claimant. Section 409 clearly and unequivocally provides that "from the time of filing such notice for record only, shall a purchaser or encumbrancer of the property affected thereby be deemed to have constructive notice of the pendency of the action . . . ."

In the case of *Lee* v. *Silva,* 197 Cal. 364, 373 [240 P. 1015], our Supreme Court stated that, "The purpose of a

*lis pendens* is merely to furnish a means of notifying all persons of the pendency of an action and thereby to bind any person who may acquire an interest in property, subsequent to the institution of the action, by any judgment which may be secured in the action affecting the property.''

In *Blackburn* v. *Bucksport etc. R. R. Co.*, 7 Cal.App. 649, 653, 654 [95 P. 668], in holding that failure to record a *lis pendens* was immaterial as against a party to the action who had actual notice of its pendency, and participated in it, as did respondent herein, the court had this to say: ''. . . it is unimportant whether a *lis pendens* was or was not recorded, so far as this appellant is concerned. *He voluntarily submitted himself to the jurisdiction of the court in the case, and we do not think, as we have already indicated, that the mere omission to file for record the notice of the pendency of the action affects the question of the court's jurisdiction of the subject matter of the litigation.* In other words, we do not think, as counsel's argument upon this point necessarily assumes, that the filing of the notice of the pendency of the action with the county recorder is an essential prerequisite to investing the court with jurisdiction of the subject matter of a suit in which the recordation of such a notice is required. A *lis pendens* or the filing for record with the recorder of a notice of the pendency of a suit involving the title to or right of possession of real property is the mode substituted by the legislature for the constructive notice to all the world of the pendency of such an action which formerly arose, *ipso facto,* upon the institution of the suit. *Thus, 'a purchaser or encumbrancer of property, instead of being required to examine all the suits pending in the courts to ascertain whether any of them relate to or affect the real estate he is negotiating about,* has now only to examine the notices of *lis pendens* filed in the recorder's office of the county where the real estate is situated.' (*Sampson* v. *Ohleyer*, 22 Cal. 211.) The purpose of the Legislature was thus to furnish the most certain means of notifying all persons of the pendency of the action, and thereby warning them against attempting to acquire a legal or equitable interest in the property concerning which the suit was brought, and to bind such persons as might acquire any interest in the property in controversy after the recording of the notice by any judgment which might be secured affecting such property. *This is all that the legislature intended by the present mode of giving constructive notice of the pendency of such actions, and the legislation does not, as we*

*before observed, nor was it intended that it should, affect in the slightest degree the question of the court's jurisdiction of the subject matter of the suit or of the persons of the parties thereto.''* (Emphasis added.) (See also *Housing Authority* v. *Forbes*, 51 Cal.App.2d 1, 9, 10 [124 P.2d 194].)

In actions to quiet title in favor of an adverse possessor (Code Civ. Proc., § 749), wherein the section makes it compulsory within 10 days after the filing of a complaint to file a notice of pendency of the action, it has been held that failure to file such notice is immaterial as to a party to the action (*Blackburn* v. *Bucksport etc. R. R. Co., supra,* p. 652).

Section 755 of the Code of Civil Procedure dealing with actions for partition provides that, ''Immediately after filing the complaint in the Superior Court, the plaintiff *must* record . . . a notice of the pendency of the action . . .'' (Emphasis added). In *Rutledge* v. *Rutledge,* 119 Cal.App.2d 114, 120 [259 P.2d 79], it was held that a party to the action could not assert as a defense the failure to file the aforesaid notice.

Section 1243 of the Code of Civil Procedure which concerns the right of eminent domain declares that, ''A *lis pendens shall be* filed at the time of the commencement of the action . . .'' (Emphasis added). Again, a party to the action was denied the right to assert as a defense, the failure to file such notice (*Housing Authority* v. *Forbes, supra,* pp. 9, 10).

Manifestly, the legislative history of a statute or amendments thereto is helpful in determining the intent of the Legislature. With regard to the 1953 amendment of section 1198.1 of the Code of Civil Procedure by adding thereto the phrase here in question, ''and a notice of pendency of such proceedings be filed as provided in section 409 of this code,'' we have examined Senate Interim Judiciary Committee Report on the proposed amendment above set forth (Senate Interim Judiciary Committee Report, pp. 116, 118. Appendix to Journal of the Senate, Regular Session, 1953, vol. 2). In this report, the legislative interim committee discusses the historical background of the law governing foreclosure of mechanic's liens, and throughout the report enumerates the difficulties encountered by the ''purchaser of property or lender on property'' under the then existing provisions of section 1198.1 of the Code of Civil Procedure. As indicative of the legislative intention manifested by the aforesaid report, we find therein the following:

''The provision in Section 1198.1 that no such lien shall be binding for more than 90 days 'unless proceedings be com-

menced in a proper court within that time to enforce the same' is the same as appeared in Section 1190 of the same code, when enacted in 1872. And certainly in 1872 there was little extra burden imposed upon those who had to determine whether the lien, because an action was commenced, continued in existence beyond 90 days. In those days the county clerk's office was probably across the hall, or downstairs, from the recorder's office, providing a quick and easy way to determine whether an action had been filed.

"It was not until 1929 that the Legislature, by an amendment to Section 29 of the Municipal Court Act, provided that such courts should have jurisdiction over mechanics' liens foreclosures. (Stats. 1929, page 838; now C.C.P. § 89.) This move, together with the great growth of our State and the increased number of municipal courts, puts the statute in question in a different light than it appeared when enacted originally, in 1872.

"*The purchaser of property or lender on property* in Los Angeles County, to protect himself against a pending action to foreclose a mechanic's lien, must search the records in 16 different municipal courts. These 16 separate municipal courts are located within a radius of some 30 miles from the Hall of Records in downtown Los Angeles. He would have to cover a total distance of well over 200 miles, and it would undoubtedly take him at least two days to make the necessary search.

"Nor is the problem one unique to Los Angeles County. Other counties have municipal courts located away from the county offices. In Alameda County, for example, there is a municipal court in the City of Alameda, one in Berkeley, one in Oakland and one in San Leandro." (Emphasis added.)

Then, after noting the constitutional mandate that the Legislature shall provide speedy and efficient enforcement of mechanic's liens, the Legislative Committee Report concludes:

"Admittedly, it is somewhat easier not to file a lis pendens than to file one. *On the other hand, the heavy burden now imposed upon prospective purchasers or lenders* would seem to weigh heavier in the scales. And it should be kept in mind that no special obligations are being created; the proposal would simply extend to this group the policy of the law, as expressed in Code of Civil Procedure Section 409, that filing an action 'affecting the title to or the right of possession of real property' does not operate as constructive notice unless a notice of pendency thereof is recorded." (Emphasis added.)

To us it seems clear that the Legislature was not con-

cerned with giving additional notice to a party to the action, who already has notice by service of the complaint upon him, but was concerned solely with extending to *purchasers or encumbrancers* the protection afforded by the provisions of section 409 of the Code of Civil Procedure by requiring the filing of the notice before constructive notice is deemed given to such purchaser or encumbrancer, and not for the protection of the parties to the action, who already have notice of the pendency of the lien, the claim made by it, and the action seeking to foreclose the same. ■ We are satisfied that the purpose of a notice of *lis pendens* under the mechanic's lien law is to perform its usual office, to give constructive notice, nothing more. It must be presumed that the Legislature had knowledge of the cases cited herein and others so holding, and had the lawmakers intended that the phrase here in question and added to Code of Civil Procedure, section 409 should affect, even in the slightest degree the courts' jurisdiction of the subject matter of the suit or of the persons of the parties thereto, they would have so indicated. ■ Our holding herein is of course, not to be understood as waiving the requirement of notice in cases to which the statute properly applies, viz. persons who may, subsequent to the recordation of the lien or filing of an action to foreclose the same, seek to acquire rights in the property, but that it is not intended to be jurisdictional insofar as the owner of the property is concerned, because he has had notice of the action.

It is also noteworthy that the Supreme Courts of other states have also held, under like or similar provisions as the 1953 amendment here under consideration, that the omission to record the *lis pendens* is not jurisdictional, and not fatal to a cause of action to foreclose a mechanic's lien as against the owner of the property. (See *Laverentz* v. *Craig,* 74 Colo. 297 [225 P. 250] ; *Whitehead & Kales Co.* v. *Taan,* 233 Mich. 597 [208 N.W. 148] ; *Julius* v. *Callahan,* 63 Minn. 154 [65 N.W. 267].)

Respondent relies heavily upon the case of *R. M. Hacker Co.* v. *Hollymount Bowl,* 146 Cal.App.Supp.2d 875 [303 P.2d 387], decided by the Appellate Department of the Superior Court of Los Angeles County. We have carefully considered the cited case, but cannot reconcile ourselves with the conclusion reached therein.

In the light of the decisions we have herein cited together with the legislative history of the amendment as above nar-

rated, none of which are cited or discussed in the Superior Court Appellate Department decision, we are persuaded that the aforesaid decisions and legislative history in this state together with the decisions in other jurisdictions, which we have set forth, point unerringly to the conclusion we have herein arrived at.

Respondent urges that strict construction of the statute here in question is justified if not required by equitable considerations. That if appellant prevails in this action respondent church will be compelled to pay twice for the materials furnished. Conceding that the general rule is and has been that mechanic's lien law is remedial in character and should be liberally construed in its entirety with a view to effect its objects and to promote justice (*Hendrickson* v. *Bertelson,* 1 Cal.2d 430, 432 [35 P.2d 318]), respondent nevertheless, earnestly argues that the Legislature is equally bound to consider and protect the rights of owners of property which may be affected by such liens (*Diamond Match Co.* v. *Sanitary Fruit Co.,* 70 Cal.App. 695, 701 [234 P. 322]). ▮ We are impressed that the Legislature has met that obligation. Several methods are provided whereby the property owner may protect himself against the filing of mechanic's liens. The latter may, (1) require the contractor to furnish him with a bond (Code Civ. Proc., § 1185.1); (2) require affirmative evidence that the materialman's bills and laborers' wages have been paid, as the owner makes each installment payment to the contractor; and, (3) withhold a portion of the funds until a notice of completion has been recorded and 30 days have expired after such recordation. Respondent availed itself of none of these available remedies but instead, paid the contractor the entire cost of materials and labor in advance of the construction of the classroom and printshop building.

The judgment is reversed.

Fourt, J., and Lillie, J., concurred.