Filed 9/14/22  Watkins v. D'Orio CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| DONNA WATKINS,<br><br>    Plaintiff, Cross-defendant and Appellant,<br><br>    v.<br><br>ELENA D'ORIO,<br><br>    Defendant, Cross-complainant and Respondent. | B310902<br><br>(Los Angeles County Super. Ct. No. 20LBCV00266) |

APPEAL from an order of the Superior Court of Los Angeles County, Michael P. Vicencia, Judge.  Reversed.

Adler Law and Robert C. Adler for Plaintiff, Cross-defendant and Appellant.

Hall Griffin, Howard D. Hall, Jeremy T. Katz and Ryan C. Thomason for Defendant, Cross-complainant and Respondent.

Plaintiff, cross-defendant, and appellant Donna Watkins appeals from the order denying her special motion to strike, under Code of Civil Procedure section 425.16,[1] the cross-complaint filed by defendant, cross-complainant, and respondent Elena D'Orio. While this appeal was pending, D'Orio dismissed her cross-complaint and filed a motion in this court to dismiss the appeal as moot. Watkins opposed the motion, arguing the appeal was not moot because reversal of the trial court's order would accord her the right to seek attorney fees under section 425.16. We denied the motion to dismiss.

In her appellate brief, D'Orio again argues the appeal is moot. It is not. We therefore consider the order denying the anti-SLAPP motion and conclude that D'Orio's cross-complaint arises out of Watkins's exercise of her right of petition, protected activity under the anti-SLAPP statute. We further conclude that D'Orio has not shown a probability of prevailing on the merits of her cross-claims. We reverse the order denying Watkins's special motion to strike and direct the trial court to reinstate D'Orio's cross-complaint and to issue an order granting the anti-SLAPP motion and striking the cross-complaint.

## BACKGROUND

**The parties**

Watkins is the owner of a single-family residence located at 3760 California Avenue in Long Beach, California. She has owned that property since February 2000.

---

[1]     All further statutory references are to the Code of Civil Procedure, unless stated otherwise. Section 425.16 is sometimes referred to as the anti-SLAPP statute. SLAPP is an acronym for strategic lawsuit against public participation.

D'Orio owns a single family residence located at 3758 California Avenue (the D'Orio property), next door to Watkins's property. D'Orio's predecessors in interest, Michael and Heather Kimel, owned the D'Orio property from September 2016 to June 3, 2020, when they sold it to D'Orio.

**Watkins's action against the Kimels**

On August 6, 2018, the Kimels filed an action against Watkins asserting causes of action for willful trespass, negligent trespass, quiet title, intentional misrepresentation, and declaratory relief, alleging that Watkins's garage, a block wall, a fence, and an archway between the two properties unlawfully encroached on the Kimel property (which would become the D'Orio property). The Kimels dismissed without prejudice their complaint against Watkins on November 4, 2019.

After the Kimels dismissed their complaint, the dispute between the neighbors continued, and on May 28, 2020, Watkins filed a quiet title action against the Kimels. Watkins served a lis pendens on the Kimels (the first lis pendens) by regular mail and by certified mail, return receipt requested, on June 4, 2020. The receipt was signed by Heather Kimel on June 6, 2020, and returned to Watkins's counsel. The first lis pendens identified the action, filed on May 28, 2020, and alleged a real property claim against the D'Orio property. The Kimels moved out of their home on June 13, 2020. The following day, Watkins learned of the Kimels' sale to D'Orio. Because of the Kimels' move, Watkins's counsel did not record the lis pendens.

**Watkins's action against D'Orio and D'Orio's cross-complaint**

On June 15, 2020, Watkins identified D'Orio as "Defendant Doe 1" and thereafter dismissed the Kimels from the action.

3

Subsequent efforts to resolve the matter informally between Watkins and D'Orio were unsuccessful.

Watkins filed a first amended complaint (FAC) against D'Orio on September 20, 2020, asserting causes of action for quiet title—prescriptive easement, quiet title—equitable easement, and declaratory relief. Watkins served D'Orio with the FAC on September 21, 2020. Watkins served a lis pendens on D'Orio (the second lis pendens) by certified mail, return receipt requested. The second lis pendens identified the action, filed on May 28, 2020, and alleged a real property claim. D'Orio signed the certified mail receipt on October 1, 2020, and Watkins's counsel received the receipt on October 15, 2020.

The parties' attorneys then exchanged communications regarding Watkins's quiet title action and a possible cross-claim by D'Orio for slander of title. While these discussions were occurring, Watkins's counsel refrained from recording the second lis pendens. The record does not indicate whether the second lis pendens was ever recorded.

On November 4, 2020, D'Orio filed a cross-complaint against Watkins for slander of title and intentional infliction of emotional distress.

**Anti-SLAPP motion**

Watkins filed a special motion to strike D'Orio's cross-complaint pursuant to section 425.16, arguing that the claims asserted therein arose out of Watkins's quiet title action and service of the first and second lis pendens—protected activities under section 425.16 and subject to the litigation privilege under Civil Code section 47. D'Orio argued in opposition that Watkins's failure to record the lis pendens violated section 761.010, D'Orio had no notice of Watkins's pending action when she purchased

her property, the litigation privilege did not protect Watkins's violation of the statutory recording requirement, and failure to record the lis pendens precluded Watkins from obtaining a quiet title judgment against D'Orio.

On February 9, 2021, the trial court issued a minute order denying the anti-SLAPP motion. Watkins filed and served a notice of appeal on February 16, 2021.

## DISCUSSION

### I. Mootness

The sole argument D'Orio raises in this appeal is that it should be dismissed as moot given her voluntary dismissal of the cross-complaint on May 18, 2022, while this appeal was pending.

"As a general matter, a plaintiff may voluntarily dismiss the complaint with or without prejudice upon request to the court clerk, prior to trial. [Citation.] Once a notice of appeal has been filed in the trial court, however, section 916 provides for an automatic stay of trial court proceedings 'upon the matters embraced' in or 'affected' by the appeal." (*Curtin Maritime Corp. v. Pacific Dredge & Construction, LLC* (2022) 76 Cal.App.5th 651, 665 (*Curtin*).)

The trial court proceedings were stayed when Watkins filed her notice of appeal on February 16, 2021, and the trial court lacked jurisdiction to dismiss D'Orio's cross-complaint. The erroneous dismissal of the cross-complaint impacts this appeal, as it could foreclose Watkins's ability to recover attorney fees as the prevailing party under section 415.16. Because the trial court lacked jurisdiction to dismiss the cross-complaint, that dismissal is void and does not render this appeal moot. (*Curtin, supra*, 76 Cal.App.5th at p. 665.)

5

## II.  Anti-SLAPP motion

### A.  *Applicable law and standard of review*

Section 425.16, subdivision (b)(1) provides: "A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim."

Determining whether the statute bars a given cause of action requires a two-step analysis.  (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 88 (*Navellier*).)  First, the court must decide whether the party moving to strike a cause of action has made a threshold showing that the cause of action "aris[es] from any act . . . in furtherance of the [moving party's] right of petition or free speech."  (§ 425.16, subd. (b)(1); accord, *Navellier*, at p. 88.)  If the court finds that a defendant has made the requisite threshold showing, the burden then shifts to the plaintiff to demonstrate a "probability that the plaintiff will prevail on the claim."  (§ 425.16, subd. (b)(1); accord, *Navellier*, at p. 88.)  In order to demonstrate a probability of prevailing, a party opposing a special motion to strike under section 425.16 "'"must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited."'"  (*Jarrow Formulas, Inc. v. LaMarche* (2003) 31 Cal.4th 728, 741.)

We review de novo a trial court's order granting a special motion to strike under section 425.16. (*ComputerXpress, Inc. v. Jackson* (2001) 93 Cal.App.4th 993, 999.)

**B.     *Protected activity***

Section 425.16 defines an "act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue" to include statements or writings made before a judicial proceeding or made in connection with an issue under consideration or review by a judicial body. (§ 425.16, subd. (b)(1).) Statements, writings and pleadings in connection with civil litigation are therefore protected by the anti-SLAPP statute. (*Briggs v. Eden Council for Hope & Opportunity* (1999) 19 Cal.4th 1106, 1115 (*Briggs*); *Healy v. Tuscany Hills Landscape & Recreation Corp.* (2006) 137 Cal.App.4th 1, 5.) Service of a lis pendens comes within this protection. (See *Manhattan Loft, LLC v. Mercury Liquors, Inc.* (2009) 173 Cal.App.4th 1040, 1050 (*Manhattan Loft*) [filing of notice of lis pendens "falls squarely" within definition of protected activity under § 425.16].)

D'Orio argued in the trial court below that Watkins's failure to record the lis pendens immediately upon the filing of her complaint as required by section 761.010[2] rendered the lis pendens void and illegal as a matter of law and therefore not protected by the anti-SLAPP statute. D'Orio forfeited this argument by failing to argue it on appeal. (*Browne v. County of*

---

[1]     Section 761.010, subdivision (b) states: "Immediately upon commencement of [a quiet title] action, the plaintiff shall file a notice of the pendency of the action in the office of the county recorder of each county in which any real property described in the complaint is located."

*Tehama* (2013) 213 Cal.App.4th 704, 726 [failure to raise argument in opening brief forfeits the argument].)  Even absent such forfeiture, the argument is without merit.

Under the first prong of the anti-SLAPP analysis, an activity is not protected as a matter of law only when the evidence conclusively establishes its illegality.  (*Flatley v. Mauro* (2006) 39 Cal.4th 299, 319-320.)  Otherwise, it is an issue to be addressed when the party opposing the anti-SLAPP motion is called upon to provide a prima facie showing regarding the merits of the case.  (*Ibid.*; *Park 100 Investment Group II, LLC v. Ryan* (2009) 180 Cal.App.4th 795, 806.)  "An illegal act is one that is forbidden by law."  (*Park 100*, at p. 806.)  Service of an unrecorded lis pendens is not an illegal act forbidden by law.  (See *Manhattan Loft, supra*, 173 Cal.App.4th at p. 1050 [filing lis pendens was protected activity, even if the lis pendens was invalid, as it did not refer to a pending lawsuit but to pending arbitration proceedings; even if lis pendens was not properly filed, the act of filing the lis pendens was protected activity under § 425.16].)"

**1.** *Slander of title*

D'Orio's slander of title cross-claim is premised on two prelitigation communications—the June 4, 2020 service and publication of the first lis pendens "to multiple third parties" including Michael and Heather Kimel, and the September 29, 2020 service of the second lis pendens on D'Orio.  Both acts are protected speech or petitioning activity under section 425.16 and do not come within any exception to that statutory protection.  (*Briggs, supra*, 19 Cal.4th at p. 1115; *Manhattan Loft, supra*, 173 Cal.App.4th at p. 1050.)

**2.**     *Intentional infliction of emotional distress*

D'Orio's cross-claim for intentional infliction of emotional distress is similarly based on the June 4, 2020 and September 29, 2020 service of the first and second lis pendens, respectively.  As discussed above,  these two acts are protected activities under section 425.16.

Watkins met her threshold burden of showing that the cross-claims for slander of title and intentional infliction of emotional distress arise from acts in furtherance of her right of petition or free speech under the first prong of the anti-SLAPP statute.  (§ 425.16, subd. (b)(1); *Navellier, supra*, 29 Cal.4th at p. 88.)  We therefore turn to the second prong of the analysis required under section 425.16—whether D'Orio has sustained her burden of demonstrating a probability of prevailing on her cross-claims.  (§ 425.16, subd. (b)(1); *Navellier*, at p. 88.)

**C.**     ***Probability of prevailing***

The litigation privilege accorded by Civil Code section 47[3] precludes any probability of D'Orio prevailing on her slander of title and intentional infliction of emotional distress cross-claims.  The privilege encompasses a lis pendens that "identifies an action previously filed with a court of competent jurisdiction which affects the title or right of possession of real property."  (Civ.

---

[3]     Civil Code section 47 provides in part:  "A privileged publication or broadcast is one made . . . [¶]  . . . [¶]  [i]n any . . . judicial proceeding, . . . in any other official proceeding authorized by law, or . . . in the initiation or course of any other proceeding authorized by law . . . .  [¶]  . . . [¶]  . . . A recorded lis pendens is not a privileged publication unless it identifies an action previously filed with a court of competent jurisdiction which affects the title or right of possession of real property, as authorized or required by law."

9

Code, § 47, subd. (b)(4); see *Alpha & Omega Development, LP v. Whillock Contracting, Inc.* (2011) 200 Cal.App.4th 656, 662 (*Alpha*).)

The litigation privilege is absolute and precludes liability for a publication or broadcast made in or in the initiation of a judicial proceeding.  (Civ. Code, § 47, subd. (b); *Action Apartment Assn., Inc. v. City of Santa Monica* (2007) 41 Cal.4th 1232, 1241; *Digerati Holdings, LLC v. Young Money Entertainment, LLC* (2011) 194 Cal.App.4th 873, 887 (*Digerati*).)  """The usual formulation is that the privilege applies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that [has] some connection or logical relation to the action." [Citation.]  The privilege "is not limited to statements made during a trial or other proceedings, but may extend to steps taken prior thereto, or afterwards." [Citation.]' [Citation.]  The litigation privilege is interpreted broadly in order to further its principal purpose of affording litigants and witnesses the utmost freedom of access to the courts without fear of harassment in derivative tort actions.  [Citation.]  The privilege is absolute and applies regardless of malice." (*Digerati*, at pp. 888-889.)

The June 2020 and September 2020 service of the first and second lis pendens fall squarely within the protection accorded by the litigation privilege.  (Civ. Code, § 47, subd. (b)(4); *Alpha, supra*, 200 Cal.App.4th at p. 662.)  Both lis pendens identified the action Watkins filed on May 28, 2020, asserted a real property claim, and were made in connection with a judicial proceeding.  Given the absolute nature of the litigation privilege, D'Orio has not met her burden of establishing a probability of prevailing on

10

her slander of title and intentional infliction of emotional distress claims.  (*Digerati, supra*, 194 Cal.App.4th at p. 889.)[4]

## DISPOSITION

The order denying the anti-SLAPP motion is reversed.  We direct the trial court to reinstate D'Orio's cross-complaint and to issue an order granting the anti-SLAPP motion and striking the cross-complaint.  Watkins is awarded her costs on appeal.

_____
CHAVEZ, J.

We concur:


_____
LUI, P. J.


_____
ASHMANN-GERST, J.

---

[4]     Watkins's failure to record the lis pendens immediately upon filing her complaint, as required by section 761.010, does not preclude her from prevailing on her quiet title claims against D'Orio.  Failure to record a lis pendens is immaterial against a party to the action who voluntarily submits to the jurisdiction of the court, as D'Orio did here.  (*Patten-Blinn Lumber Co. v. Francis* (1958) 166 Cal.App.2d 196, 200-201.)

11