[No. D058445. Fourth Dist., Div. One. Nov. 2, 2011.]

ALPHA AND OMEGA DEVELOPMENT, LP, Plaintiff and Appellant, v. WHILLOCK CONTRACTING, INC., Defendant and Respondent.

658

## COUNSEL

James C. Weaver for Plaintiff and Appellant.

Sandler, Lasry, Laube, Byer & Valdez and Edward I. Silverman for Defendant and Respondent.

## OPINION

**BENKE, Acting P. J.**—Alpha and Omega Development, LP (Alpha), appeals from an order of the trial court granting pursuant to Code of Civil Procedure[1] section 425.16 the special motion to strike (e.g., anti-SLAPP motion)[2] of Whillock Contracting, Inc. (Whillock), to a cause of action for slander of title concerning real property once owned by Alpha.

Alpha contends the trial court erred in granting Whillock's anti-SLAPP motion because Alpha met its burden of demonstrating a probability of

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise specified.

[2] "SLAPP is an acronym for 'strategic lawsuit against public participation.' " (*Jarrow Formulas, Inc. v. LaMarche* (2003) 31 Cal.4th 728, 732, fn. 1 [3 Cal.Rptr.3d 636, 74 P.3d 737].)

prevailing on the merits, as required under the second prong of the anti-SLAPP statute. As we explain, we disagree and affirm the trial court's order.

## OVERVIEW

Before addressing the main issue in this case, we first discuss what is not in issue in this appeal. The record shows Alpha's first amended complaint (FAC) against, among others, Whillock[3] asserted causes of action for slander of title and malicious prosecution. The trial court granted Whillock's anti-SLAPP motion as to both causes of action, but on appeal Whillock challenges only the trial court's order as it pertains to slander of title.

In addition, Alpha understandably[4] conceded in the trial court and again on appeal that Whillock satisfied its burden to show the slander of title cause of action arose from its furtherance of rights of petition or free speech within the meaning of section 425.16, subdivisions (b)(1) and (e). Thus, the parties agree the burden then shifted to Alpha to demonstrate a probability of prevailing on its slander of title claim. (See § 425.16, subd. (b); see also *Price v. Operating Engineers Local Union No. 3* (2011) 195 Cal.App.4th 962, 970 [125 Cal.Rptr.3d 220].)

### A. *Underlying Action*

Alpha's action against Whillock was based on the latter's unsuccessful action to foreclose a mechanics' lien that Whillock recorded on real property located at 1453 Fourth Avenue *and* at 1446 Fifth Avenue, San Diego (together, subject real property). Whillock filed its action against Alpha in 2007 in San Diego County Superior Court (*Whillock Contracting, Inc. v. Alpha and Omega Development, LLC* (2008, No. GIC880872) (the underlying action)) after Alpha obtained title to the subject real property.

Whillock alleged in the underlying action that it was owed about $1.48 million in unpaid construction-related services it had rendered in 2004 and 2005 in connection with the development of about 72 condominium units and seven retail spaces on the subject real property. Whillock further alleged that after Alpha acquired the subject real property, at the "special request" of Alpha it continued to supply all requested services, labor, materials and

---

[3] Although there were multiple defendants in this action, Whillock is the only respondent in this appeal.

[4] See *Manhattan Loft, LLC v. Mercury Liquors, Inc.* (2009) 173 Cal.App.4th 1040, 1050 [93 Cal.Rptr.3d 457] ("The filing of a notice of lis pendens falls squarely within [section 425.16's definition of protected activity."); accord, *Salma v. Capon* (2008) 161 Cal.App.4th 1275, 1285 [74 Cal.Rptr.3d 873] (the filing of notices of lis pendens in superior court "were writings made in a judicial proceeding" and thus were "squarely covered by section 425.16, subdivision (e)(1).").

equipment on and to the subject real property, "including but not limited to demolition work, grading work, excavation work, supply of trailer rentals, supply of safety barricades and walkways, supply of temporary electrical power equipment, supply of temporary fencing, and supply of storage containers."

Alpha filed a motion to expunge the lis pendens, which the trial court granted. At the same time, the trial court denied Alpha's motion for judgment on the pleadings in connection with Whillock's cause of action for foreclosure of a mechanics' lien.

Alpha subsequently defaulted on its loan, which was secured by a deed of trust on the subject real property. The deed of trust was foreclosed and ownership was acquired by the holder of the deed of trust, Schaeffer Construction, Inc. Pension Plan (Schaeffer). Eventually, Whillock, Schaeffer (an intervener in the underlying action) and Alpha settled and Whillock dismissed the underlying action with prejudice.

### B. *Current Action and Anti-SLAPP Motion*

Alpha's complaint alleged Whillock "willfully, wrongfully, without justification[] and *without privilege* caused to be recorded a Lis Pendens against the [subject real property]" (italics added); that the recording of the lis pendens "directly impaired the vendibility and value of the [subject real property] on the open market while the real estate market in San Diego was rapidly declining"; and that as a result of the lis pendens, Alpha was damaged and was forced to hire attorneys to defend itself in the underlying action.

Whillock filed an anti-SLAPP motion pursuant to section 425.16. While that motion was pending, Alpha filed its FAC. Although more factually detailed than the original complaint, the FAC continued to assert causes of action for slander of title and malicious prosecution based on the same set of facts as the original complaint.

As relevant here, Whillock argued in its anti-SLAPP motion that Alpha's slander of title claim arose from protected speech or petitioning activity, inasmuch as that claim was based on Whillock's recording of the lis pendens in the underlying action. Whillock also argued that Alpha could not show a probability of prevailing on the merits of that claim because Whillock's recording of the lis pendens was protected by the litigation privilege as set forth in Civil Code section 47, subdivision (b)(4).

## C. *Trial Court's Order Granting the Anti-SLAPP Motion*

The trial court granted Whillock's anti-SLAPP motion, ruling in part as follows:

"Defendants have established that plaintiff Alpha . . . ('plaintiff') cannot make a prima facie showing that it will prevail on its claims because the filing of the lis pendens which is the subject of the slander of title claim was protected by the litigation privilege . . . . [¶] . . . [¶]

"First, plaintiff has not and cannot show a probability of prevailing on its slander of title action because the lis pendens is protected by the litigation privilege. . . . In *Feldman v. 1100 Park Lane Associates*[] (2008) 160 Cal.App.4th 1467, 1485 [74 Cal.Rptr.3d 1], the [c]ourt held: 'The litigation privilege, codified at Civil Code section 47, subdivision (b), provides that a "publication or broadcast" made as part of a "judicial proceeding" is privileged. This privilege is absolute in nature [and applies] "to all publications, irrespective of their maliciousness." (*Silberg* [*v. Anderson* (1990)] 50 Cal.3d 205, 216 [266 Cal.Rptr. 638, 786 P.2d 365] . . . .) "The usual formulation is that the privilege applies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." (*Id.* at p. 212.) The privilege "is not limited to statements made during a trial or other proceedings, but may extend to steps taken prior thereto or afterwards." (*Rusheen v. Cohen* [(2006)] 37 Cal.4th 1048, 1057 [39 Cal.Rptr.3d 516, 128 P.3d 713] . . . .)' [Citation.] [¶] . . . [¶]

"The principal purpose of [Civil Code] section 47[, subdivision (b)] is to afford litigants and witnesses [citation] the utmost freedom of access to the courts without fear of being harassed subsequently by derivative tort actions. [Citation.]

"Here, plaintiff's slander of title cause of action is based on the lis pendens filed by Whillock on February 27, 2007 with the San Diego County Recorder. [Citation.]

"The [underlying] litigation was a complaint for foreclosure of a mechanic's [l]ien filed on or about February 27, 2007 in San Diego Superior Court. . . . This privilege is absolute and applies to all publications irrespective of the maliciousness and on those grounds, defendants are not liable for slander of title."

## DISCUSSION

### A. *Anti-SLAPP Statute and Standard of Review*

■ Section 425.16 is intended "to provide for the early dismissal of unmeritorious claims filed to interfere with the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances." (*Club Members for an Honest Election v. Sierra Club* (2008) 45 Cal.4th 309, 315 [86 Cal.Rptr.3d 288, 196 P.3d 1094].) It authorizes the filing of a special motion that requires a court to strike claims brought "against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution . . . unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." (§ 425.16, subd. (b)(1).)

As we alluded to *ante*, section 425.16 " 'requires that a court engage in a two-step process when determining whether a defendant's anti-SLAPP motion should be granted. First, the court decides whether the defendant has made a threshold showing that the challenged cause of action is one "arising from" protected activity. [Citation.] If the court finds such a showing has been made, it then must consider whether the plaintiff has demonstrated a probability of prevailing on the claim.' [Citation.]" (*Episcopal Church Cases* (2009) 45 Cal.4th 467, 477 [87 Cal.Rptr.3d 275, 198 P.3d 66].)

"An appellate court reviews an order granting an anti-SLAPP motion under a de novo standard. [Citation.] In other words, we employ the same two-pronged procedure as the trial court in determining whether the anti-SLAPP motion was properly granted." (*Mendoza v. ADP Screening & Selection Services, Inc.* (2010) 182 Cal.App.4th 1644, 1651–1652 [107 Cal.Rptr.3d 294].)

Here, because Alpha conceded Whillock satisfied its burden to show Alpha's slander of title action arises from protected activity as provided in subdivision (b)(1) of section 425.16, we focus solely on whether Alpha satisfied its burden to establish a probability of prevailing on that claim.

■ "To show a probability of prevailing for purposes of section 425.16, a plaintiff must ' " 'make a prima facie showing of facts which would, if proved at trial, support a judgment in plaintiff's favor.' " ' [Citation.]" (*ComputerXpress, Inc. v. Jackson* (2001) 93 Cal.App.4th 993, 1010 [113 Cal.Rptr.2d 625]; see also *Wilson v. Parker, Covert & Chidester* (2002) 28 Cal.4th 811, 821 [123 Cal.Rptr.2d 19, 50 P.3d 733] [plaintiff " 'must demonstrate that the complaint is . . . supported by a sufficient prima facie showing

of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited.' "].) "[T]he plaintiff 'cannot simply rely on the allegations in the complaint' [citation] . . . ." (*ComputerXpress, Inc. v. Jackson, supra*, 93 Cal.App.4th at p. 1010.) Rather, " '[t]he plaintiff's showing of facts must consist of evidence that would be admissible at trial. [Citation.] . . .' " (*Stewart v. Rolling Stone LLC* (2010) 181 Cal.App.4th 664, 679 [105 Cal.Rptr.3d 98].) "Thus, declarations that lack foundation or personal knowledge, or that are argumentative, speculative, impermissible opinion, hearsay, or conclusory are to be disregarded." (*Gilbert v. Sykes* (2007) 147 Cal.App.4th 13, 26 [53 Cal.Rptr.3d 752].)

### B. *Governing Law*

■ The elements of a cause of action for slander of title are "(1) a publication, (2) which is *without privilege* or justification, (3) which is false, and (4) which causes direct and immediate pecuniary loss." (*Manhattan Loft, LLC v. Mercury Liquors, Inc., supra*, 173 Cal.App.4th at p. 1051, italics added; see also *Howard v. Schaniel* (1980) 113 Cal.App.3d 256, 263–264 [169 Cal.Rptr. 678].) The key issue on appeal is whether Whillock's recordation of the lis pendens was privileged.

■ With certain exceptions, Civil Code section 47, subdivision (b) provides an absolute privilege for a publication filed in a judicial proceeding (e.g., the litigation privilege). "The purposes of section 47, subdivision (b), are to afford litigants and witnesses free access to the courts without fear of being harassed subsequently by derivative tort actions, to encourage open channels of communication and zealous advocacy, to promote complete and truthful testimony, to give finality to judgments, and to avoid unending litigation." (*Rusheen v. Cohen, supra*, 37 Cal.4th at p. 1063; accord, *Jacob B. v. County of Shasta* (2007) 40 Cal.4th 948, 955 [56 Cal.Rptr.3d 477, 154 P.3d 1003].)

"To further these purposes, the privilege has been broadly applied. It is absolute and applies regardless of malice. [Citations.]" (*Jacob B. v. County of Shasta, supra*, at pp. 955–956.) "Although originally enacted with reference to defamation actions alone [citation], the privilege has been extended to *any* communication, whether or not it is a publication, and to *all* torts other than malicious prosecution. [Citations.]" (*Edwards v. Centex Real Estate Corp.* (1997) 53 Cal.App.4th 15, 29 [61 Cal.Rptr.2d 518].) The litigation privilege applies "even though the publication is made outside the courtroom and no function of the court or its officers is involved." (*Silberg v. Anderson, supra*, 50 Cal.3d at p. 212.)

One such exception to the "absolute" privilege is set forth in subdivision (b)(4) of Civil Code section 47 governing the recordation of lis pendens.

" ' "A lis pendens is a recorded document giving constructive notice that an action has been filed affecting title or right to possession of the real property described in the notice." [Citation.]' [Citation.]" (*Park 100 Investment Group II, LLC v. Ryan* (2009) 180 Cal.App.4th 795, 807 [103 Cal.Rptr.3d 218].)

 Subdivision (b)(4) of Civil Code section 47 provides: "A recorded lis pendens is not a privileged publication unless it identifies an action previously filed with a court of competent jurisdiction which affects the title or right of possession of real property, as authorized . . . by law." Thus, the litigation privilege codified in Civil Code section 47, subdivision (b) applies if the lis pendens (1) identifies an action "previously filed" in a court of competent jurisdiction that (2) affects title or right to possession of real property. (Civ. Code, § 47, subd. (b)(4).)

## C. Analysis

Here, the lis pendens filed by Whillock identified the underlying action filed by Whillock, thus satisfying the first element of Civil Code section 47, subdivision (b)(4). In addition, the lis pendens recorded by Whillock clearly affected title to real property, inasmuch as the underlying action involved the foreclosure of a mechanics' lien of about $1.48 million that Whillock had recorded on the subject real property for work Whillock claimed it had performed in connection with the development of that property. (See, e.g., Civ. Code, § 3146.)[5]

Alpha does not dispute in its briefs that the underlying action affected title of real property. In fact, Alpha concedes that point in its reply brief when it relies on section 405.32[6] (one of many statutes governing notice of pendency of actions) in arguing the trial court in the underlying action properly expunged the lis pendens Whillock filed on the subject property because Whillock failed to establish by a preponderance of the evidence the probable validity of its "real property claim."

---

[5] Civil Code section 3146 provides: "After the filing of the complaint in the proper court to foreclose on the mechanic's lien, the plaintiff shall record in the office of the county recorder of the county, or of the several counties in which the property is situated, a notice of the pendency of the proceedings, as provided in Title 4.5 (commencing with Section 405) of Part 2 of the Code of Civil Procedure on or before 20 days after the filing of the mechanic's lien foreclosure action. Only from the time of recording that notice shall a purchaser or encumbrancer of the property affected thereby be deemed to have constructive notice of the pendency of the action, and in that event only of its pendency against parties designated by their real names."

[6] Section 405.32 provides: "In proceedings under this chapter, the court shall order that the notice be expunged if the court finds that the claimant has not established by a preponderance of the evidence the probable validity of the real property claim. The court shall not order an undertaking to be given as a condition of expunging the notice if the court finds the claimant has not established the probable validity of the real property claim."

Alpha instead relies on language from *Palmer v. Zaklama* (2003) 109 Cal.App.4th 1367 [1 Cal.Rptr.3d 116] (*Palmer*) to argue the litigation privilege in subdivision (b) of Civil Code section 47 does not apply to the lis pendens recorded by Whillock. Briefly, in *Palmer* the court held the litigation privilege in subdivision (b)(4) of Civil Code section 47 did not attach to a lis pendens that had been recorded by the former owners of property purchased at public auction because the underlying collections and bankruptcy actions filed by the former owners did not allege a real property claim. (109 Cal.App.4th at p. 1381.)

In reaching its decision, the court in *Palmer* noted that the former owners' attorney "effectively conceded the collections action was not one in which it was appropriate to record a lis pendens" because it was an action for money damages that does not support a lis pendens. (*Palmer, supra,* 109 Cal.App.4th at p. 1381.) The court also noted the bankruptcy action brought by the former owners did not involve a claim affecting title to real property because there was "no evidence the trustee in the bankruptcy action actually attempted to set aside the sheriff's sale as a preferential transfer." (*Ibid.*) As a result, the court in *Palmer* found the litigation privilege did not attach to the lis pendens notices recorded by the former owners. (*Ibid.*)

On its facts, *Palmer* was correctly decided. Unfortunately, in discussing the 1992 amendment to Civil Code section 47, which "partially abrogated" the holding of *Albertson v. Raboff* (1956) 46 Cal.2d 375 [295 P.2d 405] that the recordation of a notice of lis pendens is absolutely privileged, the *Palmer* court in *dictum* stated that "if the pleading filed by the claimant in the underlying action does not allege a real property claim, *or the alleged claim lacks evidentiary merit,* the lis pendens, in addition to being subject to expungement, is not privileged." (*Palmer, supra,* 109 Cal.App.4th at pp. 1379–1380, italics added.) Thus, *Palmer* stated that in those situations an expunged lis pendens "may be the basis for an action for slander of title." (*Id.* at p. 1380.)

Relying on this dictum in *Palmer*, Alpha argues Whillock's lis pendens was not privileged under Civil Code section 47, subdivision (b)(4) because in expunging the lis pendens the trial court found Whillock's claim "lack[ed] evidentiary merit." Thus, according to Alpha the lis pendens filed by Whillock was not privileged within the language of *Palmer, supra,* 109 Cal.App.4th at page 1380, and thus Whillock was subject to suit for slander of title.

■ We reject Alpha's interpretation of subdivision (b)(4) of Civil Code section 47. In discerning the Legislature's intent, we look to the words of the statute, "assigning them their usual and ordinary meanings, and construing them in context. If the words themselves are not ambiguous, we presume the

Legislature meant what it said, and the statute's plain meaning governs." (*Cal. Civ. Proc. Code Learning Foundation* (2006) 39 Cal.4th 1164, 1190 [48 Cal.Rptr.3d 108, 141 P.3d 225]; accord, *Catlin v. Superior Court* (2011) 51 Cal.4th 300, 304 [120 Cal.Rptr.3d 135, 245 P.3d 860].)

■ The language of subdivision (b)(4) of Civil Code section 47 is not ambiguous and in any event is not reasonably susceptible to a construction that would create an *additional* exception to the absolute litigation privilege based on the lack of "evidentiary merit" of a claimant's real property claim in connection with a recorded lis pendens.

■ " ' " " ' "An intent that finds no expression in the words of the statute cannot be found to exist. The courts may not speculate that the legislature meant something other than what it said. Nor may they rewrite a statute to make it express an intention not expressed therein." ' [Citation.]" [Citations.] "The plain meaning of words in a statute may be disregarded only when that meaning is ' "repugnant to the general purview of the act" or for some other compelling reason . . . .' [Citation.]" [Citation.] "Courts must take a statute as they find it, and if its operation results in inequity or hardship in some cases, the remedy therefor lies with the legislative authority." ' [Citation.]" (*Page v. MiraCosta Community College Dist.* (2009) 180 Cal.App.4th 471, 492 [102 Cal.Rptr.3d 902].) We thus reject Alpha's argument that the notice of lis pendens filed by Whillock in the underlying action, in connection with its complaint for foreclosure of a mechanics' lien, was not subject to the litigation privilege under subdivision (b)(4) of Civil Code section 47.

Our conclusion there is no "lack of evidentiary merit exception" under subdivision (b)(4) of Civil Code section 47 finds further support in the definition of "real property claim" set forth in Code of Civil Procedure section 405.4, one of many statutes governing the recording of notice of certain actions. A "real property claim" is defined as a *"cause or causes of action in a pleading* which would, if meritorious, affect (a) title to, or the right to possession of, specific real property . . . ." (§ 405.4, italics added.)

■ Section 405.4 does not define "real property claim," or lack thereof, on the basis of the strength or weakness of the *evidence* to support that claim. Instead, it is clear from the plain language of section 405.4 that a "real property claim" is determined from the cause or causes of action set forth in the pleading(s). (Cf. *Kirkeby v. Superior Court* (2004) 33 Cal.4th 642, 647–648 [15 Cal.Rptr.3d 805, 93 P.3d 395] [in determining whether a real property claim is being asserted, the review by a court " 'involves only a review of the adequacy of the pleading and normally should not involve evidence from either side, . . .' [citation] [and therefore], review of an expungement order under section 405.31 is limited to whether a real property claim has been properly pled by the claimant. [Citation.]"].)

## DISPOSITION

 The trial court's order granting Whillock's anti-SLAPP motion is affirmed. Alpha is unable to show for purposes of section 425.16, subdivision (b) a probability of prevailing on the merits of its slander of title claim because the publication of the lis pendens by Whillock was privileged within the meaning of subdivision (b)(4) of Civil Code section 47. Alpha to bear the costs of appeal.

McDonald, J., and O'Rourke, J., concurred.

Appellant's petition for review by the Supreme Court was denied February 15, 2012, S198540.