Filed 7/16/14  Viriyapanthu v. Suriel CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| PAUL VIRIYAPANTHU, | |
| Cross-complainant and Appellant, | G048981 |
| v. | (Super. Ct. No. 30-2013-00624328) |
| CHRISTIE SURIEL, | O P I N I O N |
| Cross-defendant and Respondent. | |

Appeal from an order of the Superior Court of Orange County, Ronald L. Bauer, Judge.  Affirmed.

Paul Viriyapanthu, in pro. per., for Cross-complainant and Appellant.

No appearance for Cross-defendant and Respondent.

\*          \*          \*

Paul Viriyapanthu appeals an order granting Christie Suriel's motion to strike Viriyapanthu's first amended cross-complaint as a strategic lawsuit against public participation (SLAPP). (See Code Civ. Proc., § 425.16.)[1] We affirm.

FACTS

The operative cross-complaint features 15 causes of action against 20 cross-defendants, including Suriel.[2] Viriyapanthu contends his former employees, in conjunction with others, misappropriated funds from Viriyapanthu's legal practice. Complications ensued for Viriyapanthu, including various lawsuits and state bar complaints by clients. Viriyapanthu accuses many of the cross-defendants of deeds amounting to fraud, extortion, and conspiracy.

But there is very little mention of Suriel in the operative pleading. Paragraph 14 alleges Suriel is a resident of San Diego County. Paragraphs 52 and 53 indicate Suriel (a lawyer) was involved in filing a class action lawsuit against Viriyapanthu alleging the theft of client funds by Viriyapanthu. Along with other specified cross-defendants, Suriel "made a substantial contribution to furtherance of the lawsuit and was aware . . . that the lawsuit lacked merit." Viriyapanthu alleges improper motives for this lawsuit and claims the suit was dismissed on March 27, 2012. Viriyapanthu cites these facts in support of a malicious prosecution cause of action against Suriel and others.

---

[1] All statutory references are to the Code of Civil Procedure unless otherwise indicated.

[2] The operative cross-complaint is 65 pages long, with 50 additional pages of exhibits. It was printed and filed on regular (nonpleading) paper, in violation of California Rules of Court, rule 2.108(4). It includes extensive statutory and case quotations. And, as one might infer from the foregoing information, it is not a model of clarity.

The first four causes of action in the cross-complaint purport to be against all cross-defendants. But these causes of action — for equitable indemnity, apportionment of fault, violation of the federal Racketeer Influenced and Corrupt Organizations Act (RICO) (18 U.S.C. § 1962(c)), and conspiracy to violate RICO (*id.*, § 1962(d)) — do not include any factual allegations against Suriel (beyond incorporating facts alleging her participation in the lawsuit cited above). The other 10 causes of action in the operative cross-complaint are alleged only against other cross-defendants.

Suriel moved to strike the cross-complaint (solely as it pertained to Suriel) with an anti-SLAPP motion. Viriyapanthu filed an opposition to the motion, which included only a memorandum of points and authorities (i.e., no evidentiary materials). After Suriel's reply memorandum was filed, Viriyapanthu filed an untimely declaration, which sought to flesh out his allegations against Suriel (i.e., Suriel was in on the whole scheme, as evidenced by the fact that she practiced law with other coconspirators).

The court noted this declaration was "severely late." The court denied Viriyapanthu's oral request for a continuance to consider the declaration. The court granted Suriel's anti-SLAPP motion.

DISCUSSION

The court's order granting the anti-SLAPP motion is appealable (§§ 425.16, subd. (i), 904.1, subd. (a)(13)) and our review is de novo (*ComputerXpress, Inc. v. Jackson* (2001) 93 Cal.App.4th 993, 999). Viriyapanthu does not explicitly challenge the court's denial of his motion for a continuance or the court's refusal to consider his late-filed declaration; instead, he cites this declaration in his brief as if it were properly part of the record.

The anti-SLAPP statute "requires the court to engage in a two-step process. First, the court decides whether the [moving party] has made a threshold showing that the

3

challenged cause of action is one arising from protected activity. . . . [Citation.] If the court finds such a showing has been made, it then determines whether the [responding party] has demonstrated a probability of prevailing on the claim." (*Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 67.)

It is clear Viriyapanthu's malicious prosecution cause of action arises from protected activity and is therefore subject to an anti-SLAPP motion. "The anti-SLAPP statute defines an '"act in furtherance of a person's right of petition or free speech"' to include 'any written or oral statement or writing made before a . . . judicial proceeding . . . .' [Citation.] The plain language of the anti-SLAPP statute dictates that every claim of malicious prosecution is a cause of action arising from protected activity because every such claim necessarily depends upon written and oral statements in a prior judicial proceeding." (*Daniels v. Robbins* (2010) 182 Cal.App.4th 204, 214-215.)

Viriyapanthu objects that his indemnity, apportionment of fault, and RICO causes of action are not based on protected activity but rather the alleged theft of client funds from his firm by other cross-defendants. But the operative cross-complaint does not actually implicate Suriel in any of this conduct. To the extent Suriel is included in these causes of action, it can only be through her allegedly wrongful participation in litigation against Viriyapanthu. (*Ramona Unified School Dist. v. Tsiknas* (2005) 135 Cal.App.4th 510, 519-520 [courts "examine the *principal thrust* or *gravamen* of a plaintiff's cause of action to determine whether the anti-SLAPP statute applies"].) The court rightly refused to consider Viriyapanthu's untimely declaration, which essentially attempted to amend the operative cross-complaint to include additional allegations against Suriel. (See *Simmons v. Allstate Ins. Co.* (2001) 92 Cal.App.4th 1068, 1073-1074 [affirming grant of anti-SLAPP motion where plaintiff sought leave to amend complaint; easy amendment would undermine purpose of anti-SLAPP statute].)

With step one established, the burden shifted to Viriyapanthu to demonstrate a probability of prevailing on his claims against Suriel. Viriyapanthu utterly

4

failed to meet his burden, as he did not timely submit any evidence to make a prima facie showing of malicious prosecution or any other claim against Suriel.  (See *City of Costa Mesa v. D'Alessio Investments, LLC* (2013) 214 Cal.App.4th 358, 376 [failure to submit any evidence pertaining to several cross-defendants doomed cross-complainant's effort to establish probability of prevailing as to those cross-defendants]; *Alpha and Omega Development, LP v. Whillock Contracting, Inc.* (2011) 200 Cal.App.4th 656, 663-664 [opposing party cannot rely on pleadings, but must submit admissible evidence].)  We therefore affirm the court's order.

DISPOSITION

The order granting Suriel's motion to strike is affirmed.  Suriel shall recover any costs incurred on appeal.

IKOLA, J.

WE CONCUR:

BEDSWORTH, ACTING P. J.

THOMPSON, J.

5