Filed 9/30/21  Davis v. Sacramento River Cats Baseball Club CA3

<u>NOT</u> <u>TO</u> <u>BE</u> PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| LAMBERT DAVIS, | C092384 |
| Plaintiff and Appellant, | (Super. Ct. No. 34201700210406CUDFGDS) |
| v. | |
| SACRAMENTO RIVER CATS BASEBALL CLUB, LLC, | |
| Defendant and Respondent. | |

Plaintiff Lambert Davis sued defendant Sacramento River Cats Baseball Club, LLC (River Cats) raising several causes of action arising out of the River Cats's conduct -- the River Cats's employees posted a sign in the visiting player clubhouse asserting Davis was a ticket scalper and displaying an unredacted image of his driver's license. The River Cats brought a special motion to strike all of Davis's causes of action pursuant

1

to Code of Civil Procedure[1] section 425.16.  The trial court granted the motion, dismissed the complaint, and awarded the River Cats attorney fees.  We previously remanded the matter for the trial court to exercise its discretion in deciding whether the River Cats were excused for the untimely filing of the motion to strike.  (*Davis v. Sacramento River Cats Baseball Club, LLC* (Sept. 19, 2019, C086840) [nonpub. opn.].)  Upon remand, the trial court decided the timeliness issue in the River Cats's favor.

In Davis's second appeal, which is the one before us now, he contends the trial court erred at both stages of the section 425.16 analysis in that his causes of action did not arise out of protected activity and he made a prima facie showing of success on the merits.  He further contends the trial court's attorney fee award was erroneous.  We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

Davis filed the operative complaint alleging four causes of action arising out of the same set of operative facts:  1) defamation; 2) invasion of privacy; 3) interference with prospective business; and 4) a violation of the Unruh Civil Rights Act.[3]  As relevant here, Davis alleged he operates a cheesecake business and trades his cheesecakes to the River Cats's visiting players in exchange for tickets to baseball games.  Davis picks up the tickets at the ticket office after showing his driver's license.  On one occasion, in June 2015, when Davis picked up tickets left for him by a visiting player, box office manager John Krivacic made a copy of his driver's license, showed it to his manager Jeff Savage,

---

[1]    Further section references are to the Code of Civil Procedure unless otherwise indicated.

[2]    Davis's request for judicial notice of the reporter's transcript from the hearing on the River Cats's special motion to strike that was prepared and filed with this court in connection with his prior appeal is granted.  (Evid. Code, § 452, subd. (d).)

[3]    Civil Code section 51.

and sent it to the baseball operations manager Daniel Emmons. Krivacic told both Emmons and Savage that plaintiff was a ticket scalper and further instructed Emmons to post a sign in the visitor clubhouse warning of Davis. Emmons posted the sign, which included an image of Davis's unredacted driver's license and a handwritten note providing: " 'THIS PERSON GOES BY "WAYNE DAVIS" AND IS A TICKET SCALPER. PLEASE DO NOT REQUEST TICKETS FOR HIM. HE SCAMS PEOPLE. THANKS!' " Davis disputes the truth of the handwritten note and does not go by the name Wayne. Davis did not learn about the sign until he was contacted as part of the investigation into another legal matter.

The River Cats filed a special motion to strike pursuant to section 425.16, seeking to strike Davis's entire complaint. The River Cats argued the conduct giving rise to Davis's claims was the River Cats's warning to visiting team players that Davis was a suspected ticket scalper. This conduct, the River Cats argued, was a statement made in connection with a public issue, thus falling under the ambit of activity subject to a special motion to strike under section 425.16. Further, because Davis cannot show he will prevail on his claims, the River Cats argued the proper remedy was to strike the entirety of Davis's complaint.

Davis opposed the River Cats's special motion to strike. He argued the speech at issue was not protected because it constituted commercial speech and was illegal. Relying predominantly on the evidence attached to the River Cats's motion, Davis argued the River Cats's motion should be denied because the River Cats could not prove the affirmative defenses to his defamation cause of action.

The trial court found the River Cats's conduct of posting the warning was protected activity under section 425.16, subdivision (e)(4) as a communication between interested parties related to matters of consumer protection. It further found Davis failed to show he could prevail on the merits of his causes of action because he did not cite to evidence *supporting his claims of relief but instead argued the River Cats's evidence was*

3

*insufficient*. Thus, the trial court granted the River Cats's special motion to strike each one of Davis's causes of action. The court later denied Davis's motion for reconsideration because the new evidence relied upon in that motion was available for Davis to present in his opposition to the special motion to strike. As part of the court's judgment of dismissal, it ordered Davis to pay $19,163.00 in attorney fees.

Davis thereafter appealed arguing the special motion to strike was untimely, and that the court erred by finding Davis did not make a prima facie showing of relief on his causes of action and by awarding attorney fees. We remanded the matter for the trial court to consider whether the River Cats had timely filed its special motion to strike under section 425.16. (*Davis*, *supra*, C086840.) After consideration of that issue, the trial court exercised its discretion to permit the late filing of the River Cats's special motion to strike and reaffirmed its prior ruling.

Davis appeals.

## DISCUSSION

### I

*Section 425.16*

In applying section 425.16, subdivision (b)(1), a court generally is required to engage in a two-step process. "First, the defendant must establish that the challenged claim arises from activity protected by section 425.16." (*Baral v. Schnitt* (2016) 1 Cal.5th 376, 384; see *Jackson v. Mayweather* (2017) 10 Cal.App.5th 1240, 1250 [moving party has the burden on the first prong].) "If the defendant makes the required showing, the burden shifts to the plaintiff to demonstrate the merit of the claim by establishing a probability of success." (*Baral*, at p. 384; see *Jackson*, at p. 1251 [opposing party has the burden on the second prong].)

4

## A

### *Davis's Challenge To The Trial Court's Finding His Causes Of Action Arose Out Of Protected Activity Is Precluded*

This is the second time we have entertained an appeal in this case. The first time, we remanded the matter for the trial court to consider whether the River Cats had timely brought their special motion to strike pursuant to section 425.16. (*Davis*, *supra*, C086840.) We did so without deciding the merits of Davis's remaining claims that the trial court erroneously granted the River Cats's special motion to strike because Davis made a prima facie showing of relief on the merits and that the trial court improperly awarded the River Cats attorney fees. (*Ibid.*) Upon remand, the trial court excused the River Cats's delay in filing the special motion to strike.

The River Cats argue Davis is limited in this appeal to challenging the trial court's decision on three grounds -- timeliness, success on the merits, and attorney fees -- because those were the grounds addressed on remand or preserved by Davis's first appeal. Thus, according to the River Cats, Davis is precluded from challenging the trial court's finding regarding the nature of the speech at issue because Davis did not challenge that finding in his first appeal. We agree.

In *Rincon*, the appellate court concluded the appellants could not raise issues on remand or in a second appeal they could have raised in their first appeal but did not. (*Rincon EV Realty LLC v. CP III Rincon Towers, Inc.* (2019) 43 Cal.App.5th 988, 1001-1004.) To the extent those issues were relevant, the trial court's initial findings were binding because the "findings were grounds for [the trial court's] decision that [appellants] did *not* challenge in their first appeal." (*Id.* at p. 1005.) Similarly, a defendant who challenged his criminal sentence on one ground in the first appeal was precluded from challenging the same sentence on different grounds in a second appeal, if that challenge could have been brought in the first appeal and was not encompassed in the remand order. (*People v. Murphy* (2001) 88 Cal.App.4th 392, 397.)

Here, in his first appeal, Davis did not challenge the trial court's finding that his causes of action arose from protected activity. Our remand order was limited to the trial court addressing only the timeliness of the River Cats's special motion to strike and did not reopen the question Davis addresses for the first time in his second appeal. (*Davis*, *supra*, C086840.) Thus, Davis is precluded from challenging the trial court's ruling related to the nature of the River Cats's conduct in his second appeal.

B

*Davis Cannot Demonstrate Trial Court Error At The*

*Second Stage Of The Section 425.16 Analysis*

Davis contends the trial court erred at the second stage of the section 425.16 analysis by finding he had no probability of success on his defamation, invasion of privacy, and Unruh Civil Rights causes of action. Davis does not challenge the trial court's finding he could not prevail on his business interference cause of action.

To meet the second prong of the section 425.16 analysis, the party opposing the motion has the burden to establish that the elements of the challenged claim(s) are " 'supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the [party opposing the motion] is credited.' " (*Oasis West Realty, LLC v. Goldman* (2011) 51 Cal.4th 811, 820; accord, *Soukup v. Law Offices of Herbert Hafif* (2006) 39 Cal.4th 260, 269, fn. 3.) In making this showing, the party opposing the motion cannot rely solely on the allegations in the complaint, but must present evidence that would be admissible at trial. (*Alpha & Omega Development, LP v. Whillock Contracting, Inc.* (2011) 200 Cal.App.4th 656, 664; *Tuchscher Development Enterprises, Inc. v. San Diego Unified Port Dist.* (2003) 106 Cal.App.4th 1219, 1237.) The court accepts as true the evidence from the party opposing the motion and evaluates the moving party's evidence only to determine if it has defeated the opposing party's evidence as a matter of law. (*Soukup*, at p. 269, fn. 3.) Regardless of who bears the burden of proof regarding affirmative defenses, the court must determine whether a

6

plaintiff can establish a prima facie case of prevailing, or whether a defendant has defeated a plaintiff's evidence as a matter of law. (*Dickinson v. Cosby* (2017) 17 Cal.App.5th 655, 683.)

We review the trial court's ruling on an anti-SLAPP motion de novo. (*Oasis West Realty, LLC v. Goldman*, *supra*, 51 Cal.4th at p. 820.) "An appealed judgment is presumed correct, and the appellant must affirmatively demonstrate error." (*Rayii v. Gatica* (2013) 218 Cal.App.4th 1402, 1408.)

Davis argues the trial court erred because it discounted his request to consider the evidence submitted by the River Cats as supporting his causes of action. That is not what the trial court did. The court took issue with Davis's failure to demonstrate which evidence supported his prima facie showing for relief on each element of his causes of action. Indeed, Davis argued in his opposition as it relates to the merits of his causes of action only that the River Cats's affirmative defenses to the defamation cause of action failed. Davis *made no argument and cited to no evidence affirmatively demonstrating the elements of his causes of action were supported by facts sufficient to sustain a favorable judgment*. Davis was required to make this showing as the opposing party to a special motion to strike under section 425.16 after the moving party demonstrated the causes of action at issue arose from protected activity. (*Oasis West Realty, LLC v. Goldman*, *supra*, 51 Cal.4th at p. 820.)

Davis tried to remedy this error by filing a motion for reconsideration, but the court denied that motion and it has gone unchallenged on appeal. Davis attempts to make his required substantive showing on appeal, but we do not consider arguments never made to the trial court. (*Ochoa v. Pacific Gas & Electric Co.* (1998) 61 Cal.App.4th 1480, 1488, fn. 3 ["arguments not asserted below are [forfeit]ed and will not be considered for the first time on appeal"].) In sum, Davis failed to carry his burden in the

trial court.  He cannot make up for that deficit on appeal.  Thus, Davis has failed to establish error.**4**

II

*Davis Does Not Establish Error Regarding The Trial Court's Attorney Fee Award*

Davis contends the attorney fee award against him should be reversed and attorney fees awarded in his favor because the River Cats filed a frivolous special motion to strike. To prove such a claim, Davis must show the special motion to strike was "frivolous [i.e., without merit] or . . . solely intended to cause unnecessary delay."  (§ 425.16, subd. (c)(1); see *Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1131, 1137.)

Davis attempts to prove his contention by arguing the River Cats's delay in bringing the motion prejudiced him by allowing the River Cats to interrupt discovery and rely on deposition testimony it acquired from a different lawsuit to which it was a party. The problem with Davis's argument, however, is that he has not challenged the trial court's timeliness determination, which it made on remand following the last appeal. Rulings not challenged are presumed correct.  (*Christoff v. Union Pacific Railroad Co.* (2005) 134 Cal.App.4th 118, 125.)  Even so, the River Cats's delay in bringing the motion, while it may have prejudiced Davis, does not show the River Cats brought the

---

**4** The trial court found the River Cats could prevail upon the common interest privilege under Civil Code section 47, subdivision (c) to defeat Davis's defamation cause of action, which Davis addressed in his opposition.  Even if we were to consider the merits of Davis's appellate arguments challenging this finding, we cannot address them. First, Davis asserts one argument never presented in the trial court -- that Krivacic showed malice, thus defeating the asserted privilege, by humiliating him in public. Second, Davis relies on completely different evidence from that presented to the trial court to prove his assertion the River Cats showed malice by failing to investigate the truth of the communication before posting it.  Again, we will not consider these arguments raised for the first time on appeal. (*Ochoa v. Pacific Gas & Electric Co.*, *supra*, 61 Cal.App.4th at p. 1488, fn. 3.)

motion for the purpose of delaying an inevitable judgment against it. Thus, Davis has not established the delay was unnecessary.

Davis also argues the motion was without merit, and the trial court would have found so if it had considered the evidence submitted by the River Cats for the purpose of proving Davis's causes of action. As discussed, the trial court did not disregard evidence cited by Davis, the trial court found Davis failed to meet his burden of citing to items of evidence supporting the elements of his causes of action. Thus, the record does not support Davis's assertion the trial court ignored evidence favorable to him. Accordingly, Davis has not demonstrated trial court error.

## DISPOSITION

The judgment of dismissal and award of attorney fees are affirmed. Davis shall pay the River Cats's costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1)-(2).)


        /s/_____
        Robie, J.


We concur:


/s/_____
Blease, Acting P. J.


/s/_____
Renner, J.

9