NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 17 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NAKIA WOODSON, | No. 23-55063 |
| Plaintiff-Appellant, | |
| v. | D.C. No. 2:21-cv-08843-CAS-JEM |
| JAMES LEESTMA; ADVANCE INHERITANCE LLC, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Submitted July 12, 2024**
Pasadena, California

Before: IKUTA and NGUYEN, Circuit Judges, and ANELLO,*** District Judge.

Nakia Woodson appeals the district court's grant of summary judgment in

favor of James Leestma and Advance Inheritance LLC. Woodson alleges Leestma

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Michael M. Anello, United States District Judge for the Southern District of California, sitting by designation.

and Advance Inheritance intentionally and negligently interfered with her efforts to obtain a loan to improve a piece of property, which had been deeded to her by Patricia Gleason as administrator of the estate of Carole Gleason, Patricia's mother.

We have jurisdiction under 28 U.S.C. § 1291. Woodson's tort claims did not require the district court to probate or annul a will, administer an estate, or distribute property from an estate; therefore, the district court erred in applying the probate exception to federal jurisdiction. *See Silk v. Bond*, 65 F.4th 445, 450 (9th Cir.), *cert. denied*, 144 S. Ct. 91 (2023). Because the district court had jurisdiction, we may review its rulings in the alternative, which we affirm.

After Carole's death, Leestma and Advance Inheritance provided Patricia's brother Kevin with an advance on his inheritance from Carole. Leestma petitioned the state probate court to have Patricia removed as administrator of Carole's estate in order to force a sale of the property and satisfy Kevin's advance. When Leestma discovered Patricia had deeded the property to Woodson without consideration or notice to the heirs, he filed a *lis pendens*. Leestma was subsequently contacted by an escrow company seeking to resolve the *lis pendens*, and when Leestma explained the circumstances of the property's transfer to Woodson and the pending probate action, the escrow company refused to proceed with Woodson's loan.

2

We affirm the district court's grant of summary judgment against Woodson. *See Sandoval v. County of Sonoma*, 912 F.3d 509, 515 (9th Cir. 2018) (stating that a district court's ruling on summary judgment is reviewed de novo). Woodson does not challenge on appeal the district court's finding that the only evidence she presented in support of her opposition to summary judgment was Leestma's recording of the *lis pendens* and his conversation with escrow agent Olivia Mercer. We agree with the district court that this evidence is privileged under California's litigation privilege, as codified in California Civil Code § 47(b), and therefore cannot give rise to tort liability. *See Alpha & Omega Dev., LP v. Whillock Contracting, Inc.*, 200 Cal. App. 4th 656, 665 (2011) (holding that a *lis pendens* is covered by California's litigation privilege if it "identifies an action 'previously filed' in a court of competent jurisdiction that . . . affects title or right to possession of real property" (quoting Cal. Civ. Code § 47(b)(4))); *see, e.g., Chang v. Lederman*, 172 Cal. App. 4th 67, 87–88 (2009) (in suit for intentional infliction of emotional distress by widow against trust attorney, letter from attorney to widow instructing her to vacate house per trust provisions fell under the litigation privilege because it was sent to further the probate proceedings initiated by a third party).

We affirm the district court's denial of Woodson's request for a continuance of summary judgment. Woodson did not comply with Federal Rule of Civil

Procedure 56(d)'s requirement to provide an affidavit or declaration which explained why she was unable to discover the information she sought at an earlier time. In addition, Woodson failed to set forth specific facts she would have obtained from discovery that would have defeated summary judgment. *See Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008).

We also affirm the district court's denial of Woodson's request for leave to amend, because Woodson's claims rest solely on communications which fall under California's litigation privilege. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) ("[A] district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile." (citing *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (per curiam))). Further, we affirm the district court's conclusion that the prior exclusive jurisdiction doctrine did not apply, because in deciding Woodson's tort claims, it would not be exercising jurisdiction over a *res*. *See Chapman v. Deutsche Bank Nat'l Tr. Co.*, 651 F.3d 1039, 1043 (9th Cir. 2011) ("The prior exclusive jurisdiction doctrine holds that 'when one court is exercising *in rem* jurisdiction

over a *res*, a second court will not assume *in rem* jurisdiction over the same *res*.'" (quoting *Marshall v. Marshall*, 547 U.S. 293, 311 (2006))).

**AFFIRMED**.[1]

---

[1] Leestma and Advance Inheritance's motion for judicial notice, Dkt. 51, is granted.